### H. C. GIBLER *et al.*

*v.*

### THE CITY OF MATTOON.

*Filed at Springfield April 3, 1897—Rehearing denied June 3, 1897.*

1. SPECIAL ASSESSMENTS—*judgment confirming a special assessment is a judgment in rem.* The judgment of a county court confirming a special assessment roll is a judgment *in rem*, and is several against each tract of land for the amount finally assessed against it.

2. SAME—*what property affected by appeal from judgment confirming a special assessment.* By section 34 of article 9 of the City and Village act (Rev. Stat. 1874, p. 237,) any appeal or writ of error taken from a judgment confirming a special assessment roll does not invalidate or delay the judgment except as to the particular tracts of land concerning which such appeal or writ of error is taken.

3. APPEALS AND ERRORS—*one cannot assign for error that which concerns another alone.* One cannot assign as error any act of the court in rendering a judgment confirming a special assessment against any land, in the absence of anything in the record or alleged in the assignment of errors showing that he has an interest in the land, or that he was a party to or injured by such judgment.

4. SAME—*how parties' interests may be made to appear.* Parties desiring a review of special assessment proceedings, whose names do not appear in the record as owners of the land assessed, should allege their ownership of the particular tracts in their assignment of errors, which allegation, on joinder in error, would, without a special plea, stand admitted.

5. SAME—*everything on which error is assigned must appear in the abstract.* Parties taking cases to the Supreme Court for review must prepare and file complete abstracts of the record, in accordance with the rules of the court, in which everything upon which error is assigned must appear.

WRIT OF ERROR to the County Court of Coles county; the Hon. S. S. ANDERSON, Judge, presiding.

J. F. HUGHES, and D. T. MCINTYRE, for plaintiffs in error.

F. N. HENLEY, City Attorney, JAMES W. CRAIG, and EDWARD C. CRAIG, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a writ of error brought by twenty-one plaintiffs in error, viz.: Henry C. Gibler, Elizabeth Randolph, Albert Turner, Homer Barney, Charles Snyder, Frank Champ, Theodore Jonta, Stephen Coddington, John Steidel, William Linder, Charles A. Hall, Albert Mounts, C. S. Whittaker, Jacob McFarland, John Mayer, W. D. Rudy, Willis Walkup, Frank Holmes, Charles Morgan, John Voight and J. C. Newcomb, to reverse the judgment of the county court of Coles county confirming a special assessment against lots and lands in the city of Mattoon, for the improvement of C street, in that city, by draining, grading, curbing, guttering and paving said street and putting in street crossings and catch-basins therein.

As to the last ten of these plaintiffs there is nothing whatever in the record, or alleged in the assignment of errors, to show that they have any interest whatever in any of the lots or parcels of land against which judgment was rendered below, or that they were parties to or in anywise injured by such judgment. Section 34, article 9, of the statute concerning special assessments, provides that: "The judgment of the court shall have the effect of a several judgment as to each tract or parcel of land assessed, and any appeal from such judgment or writ of error shall not invalidate or delay the judgment except as to the property concerning which the appeal or writ of error is taken. Such judgment shall be a lien upon the property assessed from the date thereof until payment shall be made." The judgment is a judgment *in rem*,

and not against persons, and it is a several judgment as against each tract or parcel of land for the amount shown by the judgment to have been finally assessed against it. No property owner or other person can assign as error any act of the court in rendering judgment, or in any step of the proceedings culminating in final judgment, against any tract or parcel of land in which he has no interest,—and this is upon the principle often announced, that a party cannot assign for error that which concerns another but which does not injuriously affect him. Of course, if it appears from the record that his rights in the premises are prejudiced by the error, his complaint may be heard even although the same error affects the interests of other parties or persons.

Turning to the abstract filed by plaintiffs in error, and which, so far as their interests are concerned, must be taken as being, as required by the rules of this court, "a complete abstract or abridgment of the record," we find, aside from the mere formal order reciting the various steps taken, and confirming the assessment, and reference to the record, the following only:

*"Assessment Roll—C Street.*

"Nathan Phelps, fifty feet, 1st inst. $22.60; 2d, 3d, 4th, 5th and 6th installments, $17.40 each. And the following property owners appeared upon said roll and are assessed in like manner as Nathan Phelps, in proportion to frontage on said C street, viz.: James Titus, Francis M. Ferguson, W. P. Dole, Elizabeth Randolph, Albert Turner, Homer Barney, Geo. S. Cox, H. Barney, H. C. Gibler, Charles B. Snyder, W. J. Johnson, Elizabeth Patterson, John T. Hennessee, Anna Newcomb, Frank Champ, Mary E. Camp, Mary A. Morrison, George Anderson, D. H. Oblinger, Ida Wright, Theodore Jonte, Trustees of Unity Church of Liberal Christians, Stephen Coddington, C. A. Powell, F. K. Lafever, C. A. and Mary Hall, William Linder, George Booze, W. E. and Mary Hall, Maude F. Hall, J. A. and Cora McFadden, Jacob McFadden, Taylor Heirs, John Conway, Samuel Neff estate, Catherine Higginson, John and Joseph Steidel. Assessment roll filed April 25, 1895.

G. L. GALBREATH, *County Clerk.*"

It is seen that the last ten of the plaintiffs in error are not mentioned in this assessment roll nor in the judgment, and so far as we are able to ascertain are not mentioned at all in the record.    It is further seen that the other eleven are only a small number of property owners who it is there said were assessed and who are not before the court, and that as to no one of these eleven plaintiffs is it shown that any judgment was rendered for any amount against any tract or parcel of land owned by him.    There is an imperfect statement that Nathan Phelps was assessed for fifty feet in a certain amount, but he is not here complaining; and as well said by counsel for defendant in error, the judgment, if reversed, can be reversed only as to the tract or tracts against which the erroneous judgment was entered, and, to use the language of the statute, "as to the property concerning which the appeal or writ of error is taken."    There are upwards of forty alleged property owners, only eleven of whom are parties to this writ, joined with ten others who are strangers to the record.    How can we say from such a record and assignment of errors as to what property the writ of error was taken?    The judgment as to other property must remain unaffected, even if erroneous.    As plaintiffs in error have not made it appear what particular pieces of property assessed they own, respectively, and concerning which the writ of error was taken, how can we pick out such tracts and reverse the judgment as to them only, leaving the rest unaffected?    As to ten of the plaintiffs in error, so far as the record or assignment of errors discloses, they are mere intermeddlers, and it certainly cannot be insisted that the judgment, as against any lot or tract of land, should be reversed at their instance.    If such contention be made, then what lot or tract should be freed from this assessment upon their assignment of errors?    If it be said that they are not responsible for not having their names in the record as owners of any of the several lots or tracts

assessed, and that the statute requires only that "the names of the owners, so far as known," of the several lots or tracts shall appear on the assessment roll, it is sufficient to answer that it should have been alleged in their assignment of errors that they were the owners, respectively, of the lots or tracts concerning which the writ of error is taken, and as joinder in error raises only questions of law to be determined by the record, this allegation of fact would, without special plea, stand admitted. We cannot reverse a judgment at the instance of one who, so far as we can see, has no interest in the matter whatever. Nor are we called upon to explore the record to find the alleged technical errors to sustain the assignment of errors as to the first mentioned eleven plaintiffs in error, and to pick out the several tracts owned by them, respectively, if any. (*Strohm* v. *People,* 160 Ill. 582.) As said in *City Electric Railway Co.* v. *Jones,* 161 Ill. 47, "everything on which error is assigned must appear in the abstract." *Chapman* v. *Chapman,* 129 Ill. 386; *City of Roodhouse* v. *Christian,* 158 id. 137; 2 Shinn on Pl. & Pr. sec. 1069.

It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome. It is not meant to be said that the record is voluminous in this case or that the abstract is deficient in other respects not mentioned, but the rule is the same in all cases and should not be relaxed.

The point is raised by defendant in error that under the assignment of errors as made and from the record as abstracted no error which would authorize a reversal appears, and this point must be sustained. No error appearing, the judgment of the county court is affirmed.

*Judgment affirmed.*