## Martin & Co. v. Thomas McMurray.

1. ABSTRACTS—*Purpose of.*—An abstract is intended to save the court the labor of searching the records to ascertain what it contains, and one which does not, is insufficient.

2. SAME—*When Insufficient.*—An abstract which sets out no exceptions to the rulings of the trial court, and in which there is nothing to show what the cause is about or whether there are written pleadings or papers answering the purpose of pleadings, or to show in whose favor the jury found, or who moved for a new trial, or what reasons were assigned, does not comply with the rule and is insufficient.

3. SAME—*Skeleton Index of the Record.*—A mere skeleton index of the record is not a sufficient abridgment or abstract as required by the rules of this court.

4. APPELLATE COURT PRACTICE—*Insufficient Abstract.*—Where the abstract is insufficient and the appellee moves to affirm the judgment appealed from, for want of a sufficient abstract, as required by the rules of the court, and the appellant files a brief resisting the motion, instead of asking leave to file an amended abstract, the motion will be allowed.

**Trial Rights of Property.**—Appeal from the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 14, 1897.

BERRY BROS. and OVERMAN & SAFFORD, attorneys for appellant.

KIRKPATRICK & ALEXANDER, R. F. ROBINSON and GRIER & STEWART, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellee has entered his motion to affirm the judgment for failure of appellant to furnish a complete abstract or

abridgment of the record as required by Rule 20. Appellant has not asked leave to file an amended abstract, but files a brief in resistance of the motion. The abstract contains certain oral testimony and sets out only two rulings by the court, and no exceptions thereto. The rest of the abstract is a mere skeleton index of the record. There is nothing in the abstract except in the oral testimony to show what the case is about, and nothing to show whether there are in the case any written pleadings, or papers answering the purpose of pleadings. The abstract does not show in whose favor the jury found, nor who moved for a new trial nor what reasons therefor were assigned, nor whether the motion was granted or denied. It does not show that the court below rendered any judgment or that any appeal was ever taken. There is in the abstract no exception to any ruling of the court upon any question. The assignment of errors is not set out.

This abstract presents no question for the consideration of the court. We must affirm for want of a sufficient abstract or we must abrogate the rule and search the records brought before us, often voluminous, to ascertain for ourselves what errors they are supposed to contain. An abstract is intended to save the court that labor.

Litigants in this court and their attorneys usually reside at a distance from the place of holding court, and the abstract is also intended to inform appellees and defendants in error what part of the record below has been brought up, and what errors are assigned thereon, so as to save them the burden of coming to the place of holding this court to ascertain what is in the record. This abstract gives no information of value on that subject and contains no intimation what errors are supposed to have been committed below.

Under the rule in question appellant must present an abstract that shows what the case is, what errors prejudicial to him were committed below, his exceptions thereto, and how the errors are presented to this court by the record, and this with sufficient fullness so that ordinarily

there will be no necessity for the court or opposite counsel to inspect the record. We forbear to cite the numerous cases in which the Appellate Courts of this State have enforced this rule. In applying a similar rule the Supreme Court in Chicago, P. & St. L. Ry. Co v. Wolf, 137 Ill. 360, said that appellant's abstract must, as against appellant, be deemed to be sufficiently full and accurate to present all the errors upon which he relies. In Strohm v. The People, 160 Ill. 582, in affirming a judgment in a criminal case, the court refused to consider alleged errors based upon matter not set out in the abstract. In Gibler v. City of Mattoon, 167 Ill. 18, the court said: " It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome."

We are of opinion the motion must be granted, and the judgment of the court below is therefore affirmed.


DIBELL, J.

Upon petition for rehearing, appellant so earnestly urged that the evidence required the opposite judgment from that rendered below, and that our rule above applied had done it a great injustice, that we have been constrained to carefully examine the evidence in the record. Upon such examination we can not say that even if we were passing upon the merits of the case, we would be warranted in reversing the judgment upon the evidence appearing in the record. The petition for rehearing is denied.