## Marcus L. Barrett v. Dennis McCarthy.

1.  Verdicts—*On Conflicting Evidence.*—The evidence in this case was conflicting, and was properly submitted to the jury, and this court can not say that their verdict is manifestly against the weight of the evidence; hence it must stand.

2.  Abstract—*Should be Complete and Reliable.*—It is the duty of parties bringing cases to this court for review to prepare and file complete abstracts of the record in accordance with the rules, and such abstracts as can be relied upon.

Trespass on the Case, for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge,

presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed April 18, 1898.

JOHN A. POST and CHARLES B. STAFFORD, attorneys for appellant.

JAMES SMITH, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment for the sum of three hundred dollars rendered in an action on the case for alleged negligence of appellant, in maintaining a defective elevator and appliances, by reason of which, it is averred, appellee was injured.

Appellant's counsel have printed at large in the abstract, and referred, in their printed argument, to what purports to be remarks of the trial court made in the presence of the jury, at the close of the plaintiff's case. This might have misled the court had not counsel for appellee called attention to the fact that the matter printed and referred to, as above stated, is not in the record. It is well known to the bar that the urgency of business in the court is such that we must rely on abstracts of the record. In Gibler v. City of Mattoon, 167 Ill. 18, the court say: "It is the duty of parties bringing cases here for review to prepare and file complete abstracts of the record, in accordance with the rules, and such abstracts as we can safely rely upon. It is not our duty to perform this work of counsel, which, in detail, as to them is inconsiderable, but when imposed upon us is, in the aggregate, extremely burdensome."

The evidence is conflicting on the issues, and the case is such that its submission to the jury was proper, and we can not say that the verdict is manifestly against the evidence. Had the verdict been for the appellant it would have been equally irreversible.

Counsel for appellant, in their argument, make no objection to the giving or refusal of instructions. In that regard, however, there was no error.

The judgment will be affirmed.