## G. Dorn v. Isom Ross et al.

1.  WAIVER—*Of Error Assigned.*—All assignments of error not mentioned in the appellant's brief are waived.

2.  ABSTRACT—*Should be More than a Mere Index.*—An abstract which is little more than a mere index to the record is not a compliance with Rule 18 of this court, which requires that a party bringing a cause into this court, shall furnish a complete abstract or abridgment of the record.

In Equity.—Foreclosure of trust deed.  Appeal from the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Hearing and decree for complainant.  Appeal by defendant.  Heard in this court at the October term, 1897.  Affirmed.  Opinion filed June 13, 1898.

CHARLES PICKLER, attorney for appellant.

MANN, HAYES & MILLER, attorneys for appellees.

MR. JUSTICE WINDES delivered the opinion of the court.

Isom Ross, the owner of a principal promissory note of $4,000, made by C. E. Dorn and G. Dorn, payable to their order and by them indorsed, dated October 5, 1892, due in three years after date, bearing interest at six per cent per annum, payable semi-annually, and evidenced by six coupon

notes of $120 each, and bearing interest at seven per cent per annum after maturity, all secured by a trust deed made by said Dorn to Thomas Scanlan, as trustee, on lots 19 to 24, in block 1, Columbia addition to South Shore, in Cook county, Illinois, together with said Scanlan, filed a bill July 1, 1896, in the Superior Court of Cook County, to foreclose said trust deed against the Dorns and others.

December 18, 1896, the death of said Ross was suggested, and his executor, John B. Ross, was substituted for deceased as a party complainant, and thereafter the cause proceeded in the name of said executor as co-complainant with said Scanlan. The defendants, not defaulted, answered the bill, and after replications filed the cause was referred to the master to take proofs and report the same with his conclusions thereon. The master, after taking evidence, reported it with his conclusions, showing that there was due to said executor on said notes, principal and interest—for taxes paid on said premises and for solicitors, amounting to $200—in all, the sum of $4,683.58; that the same was secured to be paid by said trust deed and that complainants were entitled to a decree of foreclosure.

Exceptions to the master's report were overruled, and a decree of foreclosure in accordance with the master's report entered, from which Gay Dorn has appealed. He has made eight assignments of error, but by his brief he claims, first, that there is no evidence that John B. Ross is the executor of Isom Ross; second, that there is no evidence justifying the allowance of $200 solicitors' fees; third, that there is no evidence showing any amount due on the principal note and coupon; and, fourth, that the witnesses did not sign their depositions before the master, nor were their signatures waived, and their testimony was therefore inadmissible.

We assume that all assignments of error not mentioned in appellant's brief are waived. The abstract made by appellant is little more than an index to the record, and is not a compliance with Rule 18 of this court, which requires that "a party bringing a cause into this court shall furnish a complete abstract or abridgement of the record."

The abstract shows that a note, coupon and trust deed were offered in evidence, also a certified copy of letters testamentary of the will of Isom Ross, of probate and certificate of probate thereof, marked complainants' Exhibit E.; that these documents were objected to, but admitted in evidence. It also shows that the witnesses who testified before the master were sworn to their testimony, except where the signature to the deposition was waived by stipulation of counsel. None of the documents above mentioned are abstracted, nor the objections taken thereto, nor does the abstract state that the documents do not appear in the record; nor does it appear that any objection was made before the master or the court; that depositions of witnesses taken before the master were not signed by the witnesses. No depositions of witnesses are abstracted, while a reference to the record shows that two witnesses testified. The abstract, with regard to the master's report, shows the following :

" Master's report, filed April 22, 1897, finding that on or about October 5, 1892, said Dorns made, executed and delivered the $4,000 and $120 notes which afterward became the property of Isom Ross; that said notes were secured by a trust deed conveying the premises described in the bill, the property of Gay Dorn; that subsequent to the beginning of suit Isom Ross died leaving a last will under which John B. Ross was appointed and qualified as executor, and as such executor is now the owner of said two notes; that there is now due such executor $4,000 principal, and $434.67 interest thereon, also $200 solicitor's fees; that a decree be entered accordingly. Dated April 19, 1897. (Note. 'April 19th' is written over the words 'March 11th.')"

We are unable to tell from such an abstract whether there was error in any of the respects claimed, and we are not required to search through the transcript of record for errors which, if they were committed, should be made to appear by the abstract.

For failure to file a complete abstract, which shows that

any error was committed in the proceedings before the master or the chancellor, the decree is affirmed. Gibler v. City of Mattoon, 167 Ill. 18.

Decree affirmed.

Mr. Justice SEARS took no part in this decision.