## M. H. Guerin v. Richard E. Corigan.

1. APPELLATE COURT PRACTICE—*When the Abstract Fails to Show a Motion for a New Trial.*—When the abstract fails to show any motion for a new trial, or any exception preserved to the ruling of the court on a motion for a new trial, or that such motion is anywhere contained in the bill of exceptions, the court will not look to the record for such information.

2. SAME—*When the Court Will Not Inquire into the Sufficiency of the Evidence.*—Where the record fails to show any motion for a new trial, or any exception preserved to the ruling of the court on such motion, or that any such motion is anywhere contained in the bill of exceptions, the court can not inquire into the sufficiency of the evidence to support the judgment nor consider any questions as to the admission or exclusion of evidence, nor of error in giving or refusing instructions.

3. SAME—*Insufficiency of the Abstract.*—Where the abstract of the common law record shows that the court overruled plaintiff's motion for a new trial and gave judgment in favor of defendant and against plaintiff for costs, but does not show any exception, it is not enough to allow the court to consider any questions as to the sufficiency of the evidence to support the judgment, as to the admission or exclusion of testimony, or of giving or refusing instructions.

Covenant, on a written lease. Trial in the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Finding

and judgment for defendant. Appeal by plaintiff. Heard in this court at the March term, 1898. Affirmed. Opinion filed October 17, 1898.

Israel Shrimski, attorney for appellant.

Asay & Clare, attorneys for appellee.

Mr. Presiding Justice Windes delivered the opinion of the court.

Appellant brought covenant on a written lease by him to appellee of a suite of rooms on Wabash avenue, Chicago, for a term from November 1, 1895, to April 30, 1897, the rent being $45 per month, payable in advance. His claim is that after the termination of the lease appellee held over and appellant elected to hold appellee as tenant for another year according to the terms of the lease, and sued for rent for the month of May, 1897, and appellant's expenses, by way of attorney's fees which he had incurred in this suit in enforcing the covenants of the lease, which were therein provided for. Appellee pleaded *non est factum*, the general issue, and that he had surrendered the premises on April 30, 1897.

The issues having been made, there was a trial before the court and a jury on the short cause calendar, which resulted in a verdict and judgment for appellee, from which this appeal was taken.

From the abstract it fails to appear that there was any motion for a new trial made, or any exception preserved to the ruling of the court on a motion for a new trial, or that such motion is anywhere contained in the bill of exceptions. We will not look to the record for this information. Lewinsohn v. Stevens, 70 Ill. App. 308; Gibler v. City of Mattoon, 167 Ill. 18; Knefel v. Swartz, 70 Ill. App. 371.

This being the state of the record, we can not inquire into the sufficiency of the evidence to support the judgment nor consider any questions as to admission or exclusion of evidence, nor of error in giving and refusing instructions. Ill. C. R. R. Co. v. O'Keefe, 154 Ill. 511; Dickinson v. Gray, 72 Ill. App. 56; East St. Louis, etc., Co. v. Cauley, 148 Ill. 492.

. The abstract of the common law record shows that the court " overruled plaintiff's motion for a new trial and gives judgment in favor of defendant and against plaintiff for costs," but does not show any exception. This is not a sufficient showing to allow us to consider any of the above questions. Conley case, *supra*, and cases cited; Force Mfg. Co. v. Horton, 74 Ill. 311.

It follows from these considerations, the assignments of error making no question except upon the sufficiency of the evidence to sustain the verdict and judgment, the rulings of the court upon the admission and exclusion of evidence, the giving and refusing to give instructions, and the conduct and remarks of court and counsel during the progress of the trial, that the judgment must be affirmed. It seems to us, however, that it is proper we should say, that before reaching the foregoing conclusions we had examined fully the abstract and brief of counsel upon all the matters presented by the assignment of errors, and further concluded that while some remarks of counsel and court made during the trial are subject to just criticism, and the second instruction given for appellee is erroneous, there is no error in any of the proceedings on the trial which would justify us in reversing the judgment, and it is affirmed.