John H. Van Housen v. F. W. Copeland, W. L. Copeland
and John J. McSorley.

1. APPELLATE COURT PRACTICE—*Failure to Make a Sufficient Abstract.*—The failure to make a sufficient abstract is sufficient reason for affirming a decree.

2. PARTNERSHIP—*To Purchase Land, May be by Parol.*—The law does not require that the agreement of a copartnership shall be in writing to enable the firm to purchase lands.

3. SAME—*Existence of, May be Shown by Parol.*—The existence of a partnership and the extent of each party's interest therein may be shown by parol.

4. STATUTE OF FRAUDS—*A Contract to Form Partnership to Purchase Lands.*—An agreement to form a partnership for the purpose of dealing and trading in lands for profit, is not within the statute of frauds.

Bill for an Accounting, and adjustment of partnership transactions. Trial in the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding. Hearing and decree for complainant. Appeal by defendant. Heard in this court at the March term, 1898. Affirmed in part and decree entered in this court. Opinion filed November 16, 1898.

STATEMENT OF CASE.

Appellees filed their bill against appellant for an accounting and adjustment of certain partnership transactions between the parties, commencing in October, 1887. The copartnership was for the purpose of purchasing six lots in Assessor's Division, in Section 18, at the corner of Hermitage avenue and Taylor street, Chicago, and erecting thereon six buildings in one block. The contract for the lots was in W. W. Baird at first, but later in the names of all the partners, and the purchase price was $7,000. Two of the appellees, F. W. Copeland and J. J. McSorley, were in business as contractors, under the name of Copeland & McSorley, and about its date made an agreement with the other partners, viz. :

"November 3rd, 1887, we, the undersigned, hereby agree with John H. Van Housen and William F. Copeland, that

the building to be erected on Taylor street, corner of Her-
mitage avenue, shall not cost, when built, to exceed nine-
teen thousand dollars ($19,000). Should the cost be less
than the above named sum, after allowing a reasonable
compensation for services, such amount, if any, to be
deducted from the original sum.

(Signed)    FRANK W. COPELAND.
J OHN J. MCSORLEY.
J OHN H. VAN HOUSEN.
W. L. COPELAND."

The original agreement was to construct a flat building
at a cost of about $19,000, sell it and divide the proceeds
equally, after paying advances of the partners and a rea-
sonable compensation to Copeland & McSorley for their
services, who were to give their time to the construction of
the buildings. W. L. Copeland and appellant were not to
give their time about the construction of the buildings.
The partners also agreed that when the buildings had suffi-
ciently advanced, a loan should be made to cover the cost
and repay advances made by the partners.

About the time the work of construction was commenced,
which was immediately after November 3, 1887, they
agreed to put up better buildings than originally intended,
which necessitated a larger loan than at first contemplated,
to negotiate which it was necessary to place the title in
the name of one. After the building had progressed for
between three and four months, the partners made the
following agreement, viz.:

" CHICAGO, February 28th, 1888.

"In consideration of a land contract and buildings there-
on, located at the S. E. corner of Taylor street & Her-
mitage avenue, being about 126 feet on Taylor street and
100 feet on Hermitage avenue, this day assigned to J. H.
Van Housen by W. L. Copeland, F. W. Copeland and John
J. McSorley, & the further consideration that all the par-
ties above named, and including J. H. Van Housen, the
assignee, shall go ahead & complete the above named build-
ing in the manner & style & specification as heretofore
made & contemplated, J. H. Van Housen, the assignee,
agrees to procure the means to complete the building, &
when done & bills all adjusted and paid, an accounting to

be had between the parties, & the cost of the buildings, together with commissions & expenses on loan & interest on moneys to be included in the gross cost, the amount shall be apportioned to each building alike, to wit: The same amount to each of the six houses in said block. When this is fully completed the said J. H. Van Housen shall deed to said F. W. Copeland and Wm. L. Copeland & John J. McSorley, the three east houses in said block, one only to each, who shall assume whatever liens exist on it & pay to said Van Housen whatever further sum is found to be due thereon.

The excess, if any, to draw interest at the rate of 7 % per annum, and the deed provided for not to be delivered until the sum in excess is paid.

J. H. VAN HOUSEN.<br>
WILLIAM L. COPELAND.<br>
FRANK W. COPELAND.<br>
JOHN J. McSORLEY."

At the time this agreement was made, appellant had contributed a considerable amount of money, as had also appellee W. L. Copeland. Appellees Copeland & McSorley had contributed $500 in money and given almost their whole time to the construction of the buildings. This agreement was made for the sole purpose of negotiating as large a loan as possible, in order to cover the cost of the buildings and ground. A loan of $30,000 was secured by Van Housen soon after this agreement was made, and the building completed about May 1, 1888, but no further action by the parties under this agreement was had after making the loan, and thereafter about the time of the completion of the building it was agreed between the partners verbally, that the buildings should not be divided as provided by the agreement of February 28, 1888, but kept together and rented. Van Housen was to have a compensation of $1,000 for his services in procuring the loan, which amount was to be paid to him by complainants, the buildings kept together, sold as soon as practical, and the profits, after paying the partners their advances, divided equally. It was also agreed that a reasonable compensation should be paid by appellant and W. L. Copeland to Copeland & McSorley for their services in constructing the buildings.

From the time the buildings were completed until they were sold, in March, 1890, they were rented, the rents collected by F. W. Copeland from May 1, to December 3, 1888, and by Van Housen from January 1, 1889, to the sale of the buildings.

After issues were joined on the bill, and also a cross-bill filed by appellant, the cause was referred to the master, and later, his term having expired, he was made a special commissioner, who, after taking a great mass of testimony, 1239 typewritten pages, found the facts substantially as above stated, and stated the account between the parties, finding there was due from appellant to appellees F. W. Copeland and McSorley $1,233.40 each, and to W. L. Copeland $291.77. Exceptions to the report were overruled and a decree entered in accordance therewith, from which this appeal is taken.

W. J. LAVERY, attorney for appellant.

F. M. WILLIAMS and WILLIAMS, KRAFT & RUST, attorneys for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The abstract of the record does not comply with the rule of this court requiring the appealing party to furnish a complete abstract or abridgment of the record. The first 714 pages of the so-called abstract filed is of 875 pages of the record, and is substantially a printed copy of the record instead of an abstract; 411 pages of the record are not abstracted; there is no reference even in the abstract to these pages, though they contain a great mass of documentary evidence, and twenty-five pages of the testimony of witnesses.

The failure to make a sufficient abstract is sufficient reason for affirming the decree. Gibler v. City of Mattoon, 167 Ill. 18; City of Chicago v. Fitzgerald, 75 Ill. App. 176.

We have, however, considered the merits, so far as we have been able to do so in view of the imperfect abstract. Appellant's counsel claims there are many discrepancies in

the accounts which have not been fully digested by the special commissioner, but has not been sufficiently lucid in his arguments to enable us to detect any errors of the commissioner in that regard.   The only matters pointed out by counsel are as to the cost of the buildings, the failure of the commissioner to establish the identity of vouchers and bills presented, and to determine what checks represented receipted bills in whole or in part; that he wrongfully credited Copeland & McSorley $2,500 for their services, and that the commissioner erred in computing interest on the amount found to be in appellant's hands, while he did not charge appellees with interest on the amount found to be in their hands.

The further contention is made that the change in the agreement of February 28, 1888, if made, was void, as being without consideration and because it is within the statute of frauds.    That the change was made, is established by the finding of the commissioner, approved by the court, which we can not say is manifestly against the weight of the evidence and should not be disturbed.    Miltimore v. Ferry, 171 Ill.  219.

The statute of frauds has no application in this case.   The property, though lands, is in equity considered personalty. Morrill v. Colehour, 82 Ill. 618; Speyer v. Des Jardins, 144 Ill. 648; Allison v. Perry, 130 Ill. 13; Roby v. Colehour, 135 Ill. 300.

In the last case the court say, " The law does not require that the agreement of a copartnership shall be in writing to enable the firm to purchase lands.    Where a partnership is constituted under a parol agreement, it may be shown that its property consists of land, and it may own, possess and enjoy the same;" and held that though the title to the land was held by two partners, the third could not, under plea of the statute of frauds, defeat a recovery on notes given by him to his partners for his share of the purchase price of the land.

The agreement of February 28, 1888, did not dissolve the partnership—only provided for different shares in the part-

nership lands from the original agreement, and the subsequent agreement again changed the manner of division between the partners. The $1,000 to be paid Van Housen was a sufficient consideration.

In the Speyer case, *supra*, the court say: " That an agreement for a partnership for the purpose of dealing and trading in lands for profit, is not within the statute, and that the fact of the existence of the partnership and the extent of each party's interest may be shown by parol, is now quite generally accepted as the established doctrine " (citing numerous cases).

As to the claim that the commissioner failed to establish the identity of vouchers and bills presented, and to determine what checks represented receipted bills in whole or in part, counsel has failed in his argument to point out any particulars in this respect wherein the commissioner erred, and we can not be expected to go through the details of a great mass of documentary evidence, not abstracted, in order to find any such alleged errors of the commissioner.

The finding of the court and master that it was agreed that Copeland & McSorley should be paid a reasonable compensation for their services in constructing the buildings, and that their reasonable compensation was agreed to be $2,500, and was not to be charged against the buildings, but paid by Van Housen and W. L. Copeland, is not against the manifest weight of the evidence, and the same is true as to the finding that Van Housen was to be allowed $1,000 for his services, which was not to be charged against the buildings, but to complainants.

There is error in the commissioner's computation of interest. Appellant was allowed interest at seven per cent per annum on his advances made for the benefit of the copartnership prior to January 1, 1889, up to the time he was reimbursed for such advances from the proceeds of the sale of the property March 14, 1890, which we think was proper. The commissioner found that at this latter date there was in appellant's hands, over and above all his advances and interest, partnership funds amounting to $3,506.43, of which

amount he was entitled for his services to $1,000, and should be charged with interest at five per cent per annum on the balance, $2,506.43, up to the date of the report.   The commissioner also found that there was in the hands of Copeland & McSorley on March 14, 1890, the sum of $3,116.76 of partnership funds, of which amount they were entitled to $2,500 for their services, but he did not charge them with interest on the balance, $616.76, as he did appellant.   This was an error of $53.97 as to the amounts found due the appellees, respectively.   The amount decreed to W. L. Copeland is too small by $53.97, and the amounts decreed to F. W. Copeland and McSorley are each too large by $53.97.   Inasmuch as W. L. Copeland does not complain of the decree in his favor, the error in favor of the other two appellees only will be corrected by a decree in this court affirming the decree of the Superior Court, except as to the amounts to be paid to each of the appellees F. W. Copeland and McSorley, which shall be made $1,179.43, instead of $1,233.40, to each of them, making the total amount to be paid by appellant $2,650.64, instead of $2,758.57, as directed by the Superior Court.

Because of the imperfect abstract made by appellant, he should pay all costs, and it is so decreed.   Affirmed in part and decree in this court.