## Amundson Printing Co. v. Empire Paper Co.

1. APPELLATE COURT PRACTICE—*Insufficient Abstract.*—An abstract of the record which is a mere index is insufficient.

2. SAME—*Where a Judgment Will Not be Reversed.*—No judgment will be reversed for errors which are not made to appear by the abstract.

3. ABSTRACTS—*The Word "Judgment" Shows no Judgment.*—The single word "Judgment" appearing in the index filed as an abstract of the record is not sufficient to indicate that there was a judgment rendered in the cause.

Assumpsit.—Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding; verdict and judgment for plaintiff; error by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

W. KNOX HAYNES, attorney for plaintiff in error.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The printed abstract of record, filed in this court, is a mere index as to everything except the bill of exceptions. "Narr. and affidavit of claim" is all that is anywhere shown of the declaration.

Coming to the bill of exceptions, it appears in the testimony of one of the witnesses that he received four orders, stated to be marked, respectively, as exhibits, and also that he made deliveries of paper and obtained receipts therefor, four in number, likewise stated to be marked as exhibits. It would seem that such evidences, susceptible of being marked as exhibits, were probably in writing, but neither they, or either of them, nor any abstract or synopsis of them, appear anywhere in the abstract. Without them before us we can not say they do not embody a complete contract that afforded ample justification for the exclusion by the trial court of the offered evidence concerning the time when payment was to be made, and of the claimed damages because of claimed delays in the delivery of the goods, under the contract as expressed in the orders.

It is said by the same witness that "the total amount of these orders and invoices which have been produced, is, excluding the note, $605.68."

From this last statement we may infer that a promissory note for some amount was involved in the suit, but if so, the abstract, including the bill of exceptions as there shown, makes no mention of it.

*Non constat*, the note was that of the appellant, and for a sufficient amount to cure every error the appellant relies upon.

No judgment is shown by the abstract. The single word "Judgment," appearing in the index we have referred to, is all there is in the abstract to indicate there was ever a judgment rendered in the cause.

It is not a satisfactory way of disposing of a case where an appellant has come here in a sincere effort to have alleged errors reviewed, but if we respect our rules and the many decisions of the Supreme and Appellate Courts of this State (and if we do not, who shall?), we may not reverse a judgment upon an abstract which so inadequately complies with the rule that requires the party bringing his case here to "furnish a complete abstract or abridgment of the record."

The practice has long been thoroughly settled in this State that no judgment will be reversed for errors which are not made to appear by the abstract. Among the latest decisions are: Gibler v. City of Mattoon, 167 Ill. 18; Guerin v. Corigan, 78 Ill. App. 554; Dorn v. Ross, 77 Ill. App. 223; Casey v. Vandeventer, 76 Ill. App. 628.

Sometimes the courts have turned to the records where the abstract has been deficient, but, we believe, never to reverse a judgment, only where it has been thought advisable to give other reasons for affirming.

The cases of City Electric Railway Company v. Jones, 161 Ill. 47, and Martin v. McMurray, 74 Ill. App. 44, are late instances of so doing. Affirmed.