## George W. Hall v. The State Bank of Chicago, Adm'r De Bonis Non, etc.

1. APPELLATE COURT PRACTICE — *Insufficient Abstracts.* — Where there is nothing in the abstract showing defects in the declaration from which this court can determine the points presented by a demurrer to it in the trial court, the judgment should be affirmed under the rules and practice of this court.

Assumpsit, on a promissory note. Error to the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed December 4, 1900. Rehearing denied January 4, 1901.

LAWRENCE M. ENNIS, attorney for plaintiff in error.

DENEEN & HAMILL, attorneys for defendant in error.

MR. JUSTICE HORTON delivered the opinion of the court. In this case the defendant in error brought suit to recover

from plaintiff in error the balance claimed to be due upon
a promissory note made by plaintiff in error. To the
declaration plaintiff in error filed a special and general
demurrer which was overruled, and he elected to abide by
his demurrer. Thereupon the court, upon the evidence
offered, entered judgment against plaintiff in error for
$325.41. The abstract of the record filed by plaintiff in
error says of said declaration (except stating the names of
the parties) this and this only, viz :

First count purports to be upon a note by the defendant
to said decedent followed by the common counts, on sup-
posed promises to decedent.

Copy of note and affidavit.

There is here nothing to show any defect in the declara-
tion, or anything from which this court can determine or
consider the points presented by the demurrer. The judg-
ment should therefore be affirmed under the rules and
practice of this court. (Amundson Printing Co. v. Empire
Paper Co., 83 Ill. App. 440.)

We have, however, looked at the record, and are con-
vinced that substantial justice has been reached in the entry
of judgment. For instance, the first point in the brief of
counsel for plaintiff in error is that the declaration " does
not in either count allege that those supposed promises or
any or either of them were made in the lifetime of said
intestate."

The declaration states that the note is made payable to
the order of the intestate and is dated October 31, 1892,
and that the intestate died May 19, 1894—that is, that
the intestate died a year and a half after the note was
executed payable to his order. All the other objections to
the declaration are simply technical and do not reach the
merits.

Indorsed upon the declaration is a copy of the note sued
upon and an affidavit showing the nature of plaintiff's
demand and the amount due, in conformity to the provis-
ions of the statute. (Secs. 37 and 38, Rev. Stat. of Ill., Ch.
110.) There is no claim made that plaintiff in error does

not owe the money apparently due upon his promissory note.

There is no substantial error apparent and the judgment of the Superior Court is affirmed.

Upon a petition for a rehearing counsel for plaintiff in error suggests that the court overlooked the fact that an appeal was prayed and allowed December 26, 1899, and that such appeal " was perfected by the filing and approval of the appeal bond December 28," and that therefore the trial court had no jurisdiction in the case to enter the orders therein which were entered January 20, 1900. The court did not overlook that question. No such thing appears in the abstract which could be overlooked. The only bond referred to in the abstract is the one upon the appeal from the judgment entered January 20, 1900.

Neither is there anything in the assignment of errors referring to, or in any manner indicating, upon the face thereof, that there was any other bond filed or any other appeal perfected.

No reason is apparent to the court why there should be any modification of the original opinion or of the order entered thereon. Affirmed.