### Mary A. J. V. Lamb v. Chicago City Ry. Co.

1. APPELLATE COURT PRACTICE—*Errors Relied upon Must be Shown by the Abstract.*—All errors relied upon by an appealing party must be made to appear by the abstract; the record will not be examined to supply its deficiencies.

2. SAME—*The Declaration in the Suit Should be Made to Appear.*— The declaration is a necessary part of every suit and should be made to appear in the abstract of the record by one who seeks to reverse the judgment for errors occurring in the suit in which it is filed.

3. ABSTRACTS—*A Skeleton Index is Not.*—An abstract of the record which is a mere index, is insufficient.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

HOLMES, LYNN & SHIRRA, attorneys for plaintiff in error.

WM. J. HYNES and W. J. FERRY, attorneys for defendant in error; MASON B. STARRING, of counsel.

OPINION PER CURIAM.

This suit in error is brought to reverse a judgment entered upon a verdict of "not guilty," returned in the court below.

So far as the abstract of the record shows, the cause of

action is stated in a " declaration in trespass on the case," and in an " amendment to declaration; " that is all.

We may infer from the abstract of the bill of exceptions that the suit was brought to recover for personal injuries sustained by the plaintiff in error in consequence of her being thrown from one of defendant's street cars by the conductor coming into negligent collision with her as she was in the act of alighting from a car that was standing still.

But it is not enough that the cause of action should appear in that way. The rule of the court requires that " a complete abstract or abridgment of the record " shall be furnished, and the reports are prolific in cases holding that all errors relied upon by the appealing party must be made to appear by the abstract—that the record will not be examined to supply its deficiencies.

It does not seem to be necessary to say that a declaration is a necessary part of every suit, and should be made to appear by any one who seeks to reverse a judgment for errors occurring in the suit in which it is filed.

We might add, that besides the lack of the declaration and the amendment to it, there is nothing in the abstract except a mere skeleton index, to show the two special pleas there referred to. A late case, Amundson Printing Co. v. Empire Paper Co., 83 Ill. App. 440, is all we need refer to.

Because of the lack of a sufficient abstract, the judgment will be affirmed.