## George E. Dunscomb et al. v. E. J. Patterson.

1. APPELLATE COURT PRACTICE—*Complete Abstract of Record to be Prepared and Filed.*—It is the duty of attorneys bringing cases to this court for review, under the rule, to prepare and file complete abstracts of record that truly show the action of the trial court which they allege constitute reversible errors against them, and that they objected to such and preserved exceptions.

Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

W. K. WHITFIELD, attorney for appellants.

JOHN E. JENNINGS and E. J. MILLER, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

On November 16, 1899, appellants, George E. Dunscomb and Rosa Dunscomb, brought suit before a justice of the peace of Moultrie county to recover a balance of $150, claimed to be owing them by him on rent of seventy acres of land which they had leased him for one year commencing March 1, 1898, by a written lease under seal.

After the case had been tried in the Justice Court, it was taken by appeal to the Circuit Court, there tried by jury and resulted in a verdict and judgment in favor of appellee.

Appellants, having moved for a new trial and it being denied, bring the case to this court by appeal, and to effect a reversal of the judgment, insist that the verdict is not supported by the evidence; that the court erred in giving

improper and refusing proper instructions; that the court erred in admitting improper evidence; and that the court erred in improperly permitting counsel for appellee to comment to the jury upon evidence which the court had properly excluded.

The printed abstract of the record which appellants have filed in this court does not comply with the rule governing such, for it should, as against appellants, be sufficiently full to present all the alleged errors upon which they rely to reverse the judgment; yet it does not contain any of the instructions given or refused, or any ruling of the court thereon, or show that appellants took an exception to such. It also fails to show that appellants objected to the admission of any evidence, or took any exception to any ruling of the court thereon, and fails to show what comment counsel for appellee made to the jury upon the excluded evidence.

We do not have the time, nor are we inclined to explore the record to find whether the court committed such errors as appellants have alleged and insist should reverse the judgment; for that is labor which properly falls to the counsel of parties bringing cases to this court for review, and they are charged with the duty under the rule to prepare and file complete abstracts of the record, that truly show the actions of the trial court which they allege constitute reversible errors against them, and that they objected to such and preserved exceptions. The law does not make it our duty to perform this work of counsel, which, in detail, as to them, is inconsiderable, but when imposed upon us in the aggregate, is extremely burdensome. See Gibler et al. v. City of Mattoon, 167 Ill. 18.

The point is made, by counsel for appellee, that under the assignment of errors made, and from the record as abstracted, no error which would authorize a reversal of the judgment appears, and this point will be sustained as to all of appellants' insistences except that the verdict and the judgment are not supported by the evidence.

The evidence shows that on November 15, 1897, appellee leased from appellants, a farm of seventy acres, for one

year, commencing March 1, 1898, and agreed to pay one-third of the broom corn grown upon forty acres of the land, and $150, on or before December 25, 1898, for the remainder. The lease for the land was in writing and was signed, sealed and delivered by the parties, on the day it was made.

Appellee took possession and cultivated the farm for the term prescribed and paid appellants the one-third of the broom corn as he agreed; and he also paid them the greater portion of the cash rent.

The last of February, or the first of March, 1899, appellants told appellee that they wanted him to rent the farm for another year, but he declined and gave as the reasons that appellants failed, according to their verbal promise to him, to furnish proper material to make a roof on the shed upon the farm in which the broom corn he raised was stored, and that it was damaged by rain, on that account, $10 a ton; and that appellant also failed to fix broken tile on the farm, as also verbally promised, and the broken tile had caused great damage to his Indian corn grown on the farm.

As an inducement to get appellee to rent the farm for 1899, and in order to settle appellee's claim against them for the damages to his broom and Indian corn, appellants agreed with him that they would release him from paying the balance due them on the rent for 1898, if he would rent the farm for 1899, and would also pay him the proceeds of so much of the Indian corn, which he had raised on the farm in 1898, as he could spare, after leaving enough for his use, until he could grow another crop. Appellants claimed, however, that they did not agree to release the balance of the unpaid rent of 1898, but only that they agreed to wait for such balance until appellee could grow another crop. That appellants did so agree, was sworn to by appellee, and he was corroborated by a disinterested witness.

The jury had the right to believe appellee and his witness rather than appellants on this disputed point, and we

find nothing in the evidence to warrant us in disturbing their finding in that regard.

The evidence also supports the verdict that appellee and appellants had a valid settlement of their mutual demands against each other and that this settlement included the balance of the rent of 1898, which appellee owed appellants according to the terms of the lease, and therefore the judgment should and will be affirmed.