First State Bank of Chester v. John A. Noser.

1. ABSTRACT—*what should show.* The abstract filed upon appeal should show a bill of exceptions signed and sealed as required by law; likewise, whether the cause was tried with or without a jury; likewise, the judgment entered, the exceptions taken and the prayer for, and the order granting the appeal. In the absence of the abstract meeting these requirements, an affirmance may be ordered *pro forma.*

2. QUESTIONS OF FACT—*when only, are presented for review.* In a case tried before the judge without a jury, only questions of fact are presented for review when no propositions of law were submitted and no exceptions saved or error assigned with respect to the admission or exclusion of evidence.

Action in assumpsit. Appeal from the County Court of Randolph county; the Hon. S. L. TAYLOR, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

A. G. GORDON, for appellant.

RALPH E. SPRIGGS, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

The abstract in this case is deficient and in several particulars falls short of what is required. It does not show a bill of exceptions signed and sealed as required by law; it does not appear whether or not the case was tried by a jury, nor may we learn from the abstract the court in which the case was tried, or that a judgment was entered and exceptions preserved, or that an appeal was allowed, taken and perfected. These are essential requirements, and for want of those the judgment might be affirmed. Douglass v. Miller, 102 App. 345; Gibler v. City of Mattoon, 167 Ill. 18. However, as the record is brief, we are not disposed to exercise the right accorded by the practice and affirm the judgment for want of a sufficient ab-

stract. Looking to the record we find the only question presented for review is, whether or not the finding and judgment of the trial court is supported by the evidence. No propositions of law were submitted to the trial court, and no exceptions were saved or error assigned upon the admission or exclusion of evidence, so that here the sole and only question is one of fact, and the finding of the trial court, the same as the verdict of a jury under a like condition of the record, must be held conclusive of the facts in controversy, unless we can say that the judgment is so manifestly against the weight and preponderance of the evidence as to indicate prejudice, passion or mistake on the part of the court who heard the evidence. We find nothing in the argument of counsel for appellant addressed to this, the only point in the case, and only by a liberal intendment may we even consider the question at all, for it is not assigned as error that the verdict or finding is against the manifest preponderance of the evidence. It will not be necessary to prolong this opinion, for to our mind there is abundant evidence to establish appellee's defense.

O. A. Orvis, a grain buyer of St. Louis, Missouri, in business under the name of "The Orvis Grain Company," engaged appellee to buy and ship corn for him on commission. Such is the testimony of appellee and it was for the trial court to determine the weight and creditability of this evidence. By correspondence it was arranged, between Orvis and appellant, that drafts, by appellee on Orvis (the grain company) with bill of lading attached for corn shipped, would be paid to appellee on presentation, and to secure these payments by appellant, Orvis deposited $350. Under and in accordance with this arrangement, appellee bought and shipped corn for Orvis, made drafts on the grain company from time to time, with bill of lading attached, and was paid or credited by appellant for the sum. In this way the business continued for several months, the drafts being paid to appellee by appellant, who

was paid or reimbursed by the grain company. Finally the two drafts in controversy were drawn as usual, paid by appellant and forwarded to the grain company and payment by it refused, and this suit was instituted to recover from appellee the money paid by appellant. The general rule which obtains in commercial law, and as declared by statute, that the drawer of a bill of exchange is liable on refusal of the drawee to pay, is obviated in this case by the special contract, arrangement and understanding between the parties to the transaction. There is evidence in the record to warrant the court's finding that the payment of the drafts to the appellee was in pursuance of a contract between the parties by which appellant was to advance the money for the purchase of corn and look to the grain company alone for reimbursement. In the light of the correspondence, the manner of doing business, and the contractual relation of the parties in the beginning, we cannot say that such inference and conclusion are unreasonable and unauthorized. Unable to so declare, the judgment must be affirmed.

*Affirmed.*