### Fred Weir, Appellee, v. The Sanitary District of Chicago, Appellant.

#### Gen. No. 5385.

1. APPEALS AND ERRORS—*effect of failure to file proper abstract.* In the second district the failure of the appellant to make up and file a proper abstract is ground for *pro forma* affirmance.

2. APPEALS AND ERRORS—*cost of additional abstract.* An additional abstract filed by the appellee to supplement an insufficient one filed by the appellant, will be taxed against such appellant.

3. JURORS—*when irregular summoning of, will not reverse.* The fact that the jury list was not in strict compliance with the law, also the failure to draw the panel at the proper time, also the failure to summon a second panel from the body of the county, will not reverse (challenges to the arrays having been overruled), in the

absence of a showing that the challenger was compelled to accept objectionable jurors.

Action in case. Appeal from the Circuit Court of Marshall county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910. Rehearing denied April 6, 1911.

JOHN C. WILLIAMS, FRANK J. QUINN and WALTER BEEBE, for appellant; HOMER BARNEY, of counsel.

BARNES & MAGOON, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Fred Weir brought this action against the Sanitary District of Chicago to recover damages for lands overflowed by water turned into the Illinois River from the channel of the Sanitary District. The declaration charged that about sixty-nine acres were damaged thereby. The district's plea was not guilty, and the trial resulted in a verdict for Weir for $700, and the district prosecutes this appeal from a judgment thereon.

Appellee filed an additional abstract, accompanied by a motion to tax its cost to appellant and the motion was taken with the case. Appellant's abstract does not show that a judgment was entered against it, nor any exception to a judgment. It does show that the jury returned a verdict for appellee, and the overruling of a motion for a new trial and an exception thereto. It does, however, contain many exceptions which do not appear in the record. It does not set out the challenge made to the array as the same is shown by the record, nor any of the reasons assigned to support the challenge. It does not abstract any of the maps, plats or exhibits referred to in argument by counsel for appellant. The testimony in the record begins on page 96 and ends on page 930, and this appellant has condensed into less than 40 pages. The most that can be said of it, is that it is a sort of skele-

ton index to the record. Obviously such an abstract does not adequately present the case sought to be reviewed, and clearly is not in compliance with Rule 16 of this court. The failure to abstract the evidence is sufficient to justify us in affirming the judgment. Gibler v. City of Mattoon, 167 Ill. 18; Martin v. Mc-Murray, 74 Ill. App. 44; City of Chicago v. Fitzgerald, 75 *id.* 174; Arnold v. Gehring, 76 *id.* 486; Bochner v. Automatic Time Stamp Co., 80 *id.* 27. But as appellee has filed with us an additional abstract which saves us the trouble of reading a record containing 984 pages, we shall consider the case on its merits, and the cost of the additional abstract will be taxed to appellant.

It appears that when the case was called for trial, counsel for appellant moved the court to quash the venire. The motion set out the grounds therefor and was supported by an affidavit of one of appellant's attorneys. The panel was exhausted and the clerk was ordered to draw another panel, which was done. A motion to quash, supported by the same showing, was renewed to the new panel, and again denied. The ground upon which the motion to quash was based, was first, that in preparing the list of names for jury service in the different towns of the county, the supervisor of Henry township had selected less than one-tenth of the names eligible to service; second, that the panel of jurors was not drawn at least twenty days before the return day of the term. Six more names on the jury list from the town of Henry would have met the strict requirement of section 1, chapter 78, Hurd's Revised Statutes and would have obviated the first objection. There is nothing in the record to show that any injury resulted to appellant from the omission from the list of the six names necessary to have met the requirements of the statute. A challenge to the array will not be sustained where it is not also shown that an injury has resulted in consequence of the refusal of the court to quash the panel. Wilhelm v. The People, 72

SECOND DISTRICT—MARCH, 1911.     177

Weir v. The Sanitary District of Chicago, 160 Ill. App. 174.

Ill. 468; Mapes v. The People, 69 *id.* 523; People v. Madison County, 125 *id.* 334; Siebert v. The People, 143 *id.* 571. The mere fact that the jury was not summoned twenty days before the first day of the term is not, alone, sufficient ground for challenge to the array. Rockford Ins. Co. v. Nelson, 75 Ill. 548. The second panel was drawn from the box, whereas it should have been summoned from the body of the county. The examination of the jurors is not set out in appellant's abstract, and it does not appear from the record that appellant was compelled to take any juryman who was prejudiced against it. The challenge to the second panel was not based on the ground that it should have been drawn from the body of the county instead of the box, and had it been, under the authority of the Siebert case, *supra,* would not have amounted to reversible error, in the absence of proof that appellant was required to take any juryman who was prejudiced against it. There was no error in overruling the motions to quash the panels.

It is urged that the court erred in excluding oral proof of the consideration of sales of similar lands, and in refusing to allow the deeds of other sales offered, to go in evidence, and in holding that such other lands must be exactly similar to the land involved in this suit. The only sale of similar land in the vicinity of the Weir land, was a sale from one Ford to one Fairbanks, and oral proof of that sale was admitted. Deeds showing sales of land to E. T. Hunter, Redden Ames, Robert Ford and Frederick Siebolt were excluded on appellee's objection. The Hunter land was five miles distant from Weir's land, and in another county. The Siebolt land was across the Illinois river, tributary to another market and not similarly situated. Ames testified that his land was a great deal better than Weir's land, and that he did not fix his valuation of Weir's land by what he paid for his own. There was, therefore, no error in excluding these deeds

from the evidence. We are of the opinion that full latitude was allowed appellant in proving sales of land similarly situated to Weir's land, and there is no evidence that the court ruled that such sales should be exactly similar.

Appellant urges as error that it was not permitted to show that Weir's land and like lands, after January, 1900, and down to 1905, the time at which the suit was commenced, and the period to which both sides limited their proof, had a value and could have been sold or leased as a hunting or fishing preserve. To prove the value of the land for that period, appellant examined one A. C. Wilkie. The court sustained various objections to the questions put to Wilkie, on the ground that he had not shown himself competent to give an opinion on that subject, and appellant's abstract notes, in each case, an exception to the ruling. The record discloses no exception to these rulings except to the last question put to Wilkie. That question was, "Do you know what the rental value per acre of this land would be between those dates for the purpose indicated in the question?" The objection sustained to this question was proper as the witness had answered to a question just preceding, that he did not know the value of this particular land for fishing and hunting preserve.

The evidence of the parties as to the number of acres overflowed, and the damage the land sustained by reason of the overflow, was widely divergent. Appellee testified that the tract contained 69 acres. For appellant, a witness, without measuring the land, testified that the tract contained about 47 acres. Appellee testified that 44 acres grew grass and had some trees, and that 15 acres could be plowed; that it was fenced and used for pasture, and could be pastured most years from July until the frost killed the grass; that, at the time of the trial, the fence was gone; that the trees had died except a few on the highest knoll,

and that it yielded no pasture except a little one year; that before January, 1900, it was worth $25 per acre, and since that time, about $1 per acre. For appellee, a witness testified that prior to January, 1900, the land was worth $20 per acre, and that since that time it had no value. The record shows that a number of witnesses testified for appellant, that the land was worth from one to eight dollars per acre before 1900, and gave it as much value since; but it is apparent from their evidence, that they were not as familiar with the land or the uses to which it could be put prior to 1900, as the witnesses who testified for appellee.

Appellant's main contention is, that the evidence does not support as large an award for damages as was made. It is not denied that appellee received some benefits from the use of the land prior to January, 1900, and it is only claimed that the land since then might have been of use for a fishing and hunting preserve, and this claim is not supported by any proof. It is possible that had the judgment been two or three hundred dollars less, it would have been a nearer measurement of appellee's damages, but we are not inclined to disturb the judgment, as we are of the opinion that it comes within the range of the testimony, and is supported by the evidence of those witnesses who best knew the uses to which the land had been put, and its value for a number of years prior to 1900 and its value and uses since; and we believe that it does substantial justice between the parties.

Finding no reversible error in the record, the judgment of the Circuit Court is affirmed.

*Affirmed.*