80    27
d106  ²414

---

## Joseph Bochner, Mary M. Bochner and James E. Cassily v. The Automatic Time Stamp Co.

1. APPELLATE COURT PRACTICE—*Failure to Make a Sufficient Abstract.*—The failure to abstract material parts of the record is sufficient to justify the court in affirming the judgment, but when the adverse party does not ask for an affirmance, and the record is short, the court will ordinarily consider the case on its merits.

2. Injunction Bond—*Where Good as a Common Law Obligation.*— The fact that an injunction bond was approved by the clerk, and not by the judge of the court, docs not, for all purposes, make the bond a nullity; where not executed under compulsion, it is a voluntary obligation given on a good consideration, and as such is good at common law, though not as a statutory obligation.

Debt, on injunction bond. Trial in the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Finding and judgment for plaintiff. Error by plaintiffs. Heard in this court at the March term, 1898. Affirmed. Opinion filed January 26, 1899.

In a suit for injunction brought by plaintiff in error Joseph Bochner, against defendant in error, the Cook County Circuit Court, June 15, 1896, ordered and issued an injunction without requiring a bond. Subsequently, on November 23, 1896, the court made a further order, by which it was " ordered, that unless the complainant files an injunction bond in the penal sum of $1,500, with surety to be approved by the clerk of the court, on or before Saturday next, then the injunction to be dissolved." In compliance with this order, said Bochner and the other plaintiffs in error made and entered into a bond in the penalty of $1,500, to defendant in error as obligee, reciting the filing of the bill, the prayer for injunction to restrain defendant in error, its officers or agents, from selling, removing from the jurisdiction of the court, or in any way encumbering the tools, machinery and materials mentioned in said bill; that the court had allowed an injunction, according to the prayer of said bill, upon said Bochner giving bond with security as provided by law, and by the order of the court of November 23, 1896, granting said injunction and conditioned, viz.:

" Now, therefore, the condition of the above obligation is such, that if the above bounden Joseph Bochner, his executors or administrators or any of them, shall and do well and truly pay or cause to be paid to the said Automatic Time Stamp Company, its executors, administrators or assigns, all such costs and damages as shall be awarded against the said complainant, Joseph Bochner, in case the said injunction shall be dissolved, then the above obligation to be void, otherwise to remain in full force and virtue."

The bond was approved by Frank J. Gaulter, clerk of the Circuit Court, but not by any judge.

After numerous applications to the court, and an extended hearing before the master, the injunction was dissolved February 15, 1897, but there was no award of damages in that proceeding. Defendant in error brought debt on the bond. Plaintiffs in error pleaded *nil debet*. A jury was waived and a trial before the court resulted in a judgment for $1,500 debt, damages $958 and costs, to reverse which the writ of error was sued out.

The evidence shows that plaintiffs in error incurred court costs by reason of the injunction, and to procure its dissolution the sum of $28, and also $930 solicitors' fees, which it was stipulated on the hearing were worth that amount, that they were for services on the dissolution of the injunction, and that the charges were reasonable, and were the usual and customary charges for such services. This stipulation is not abstracted.

F. S. MURPHEY, attorney for plaintiffs in error.

ALLEN & BLAKE and MARVIN E. BARNHART, attorneys for defendant in error.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

The failure to abstract the stipulation in regard to solicitor's fees is sufficient to justify us in affirming the judgment for want of a sufficient abstract of the record, but as defendant in error has not asked it, and the record is short, we have seen fit to consider the merits. Martin v. McMurray, 74 Ill. App. 44; City of Chicago v. Fitzgerald, 75 Id. 176; Arnold v. Gehring, 76 Id. 486; Gibler v. City of Mattoon, 167 Ill. 18.

Aside from injunctions enjoining judgments, the statute of this State (Hurd's, Ch. 69, Sec. 9) provides, in all other cases, that a bond shall be given as required by the court, judge or master granting or ordering the injunction, except

for good cause shown, a bond need not be required. Sec. 11 of the same chapter is, viz.: "All bonds required by this act shall be filed with the clerk of the court to which the writ is returnable, before such writ shall issue." In this case no bond was required before the injunction was issued, but months afterward the court ordered that unless a bond was given the injunction would be dissolved. It is claimed the bond is void because it was approved by the clerk and was not approved by the judge. We can not assent to this proposition. The statute empowered the court to issue the injunction without bond, which was done, and we see no reason why the court could not thereafter, so far as concerns its power, dissolve the injunction unless a bond was given. It is true, there is no warrant in the law for the court ordering the clerk to approve the bond (Rutan v. Loganda Nat. Bank, 72 Ill. App. 35, and cases cited), but that does not for all purposes make the bond a nullity. Plaintiffs in error did not execute the bond under compulsion. They might have allowed the court to dissolve the injunction. It was therefore their voluntary obligation, given on a good consideration, and as such is good at common law, though not as a statutory bond. Wanless v. West Chicago St. R. R. Co., 77 Ill. App. 120, and cases cited; Ballingall v. Carpenter, 4 Scam. 306; Barnes v. Brookman, 107 Ill. 317.

The case of Alles Plumbing Co. v. Alles, 67 Ill. App. 252, and many others of like tenor which plaintiffs in error might have cited, are not applicable. They merely decide that because there was a failure to comply with the statute the parties so failing could have no benefit under the statute.

It being a voluntary obligation, the bond and the remedies thereon must be considered without reference to the statute. Ryan v. Anderson, 25 Ill. 382; Hibbard v. McKindley, 28 Ill. 240.

It is therefore immaterial, so far as concerns plaintiffs' right of recovery, that no damages were awarded by the chancery court in the injunction suit. It is sufficient,

under the bond, that the damages have been awarded in this suit. Hibbard case, *supra;* Linington v. Strong, 8 Ill. App. 386; Marthaler v. Druiding, 58 Id. 336.

We can not refrain from expressing our surprise at counsel's argument, in view of the stipulation, which was not abstracted, and the evidence bearing on the amount of damages awarded by the court. This stipulation fully meets any question in that regard, the record showing, as it does, that the damages are made up of solicitors' fees, $930, and costs, $28, paid and incurred in procuring a dissolution of the injunction. The judgment is affirmed.