## Myra Silver v. James S. Smith et al.

1. PRACTICE—*Erroneous Instruction Where There is No Defense to the Amount of the Verdict.*—Where it is clear that there is no real or meritorious defense to the amount of the verdict that was returned, erroneous instructions are harmless and the judgment ought not to be reversed for such reason.

2. PRESUMPTIONS—*That the Court Acted Regularly.*—In the absence of evidence to the contrary it will be presumed that the court acted regularly in issuing an injunction bond.

Debt. on an injunction bond. Appeal from the County Court of Champaign County; the Hon. CALVIN C. STALEY, Judge presiding

Heard in this court at the May term, 1902.    Affirmed.    Opinion filed
November 1, 1902.

RAY & DOBBINS and WALTER B. RILEY, attorneys for
appellant.

F. M. GREEN & SON, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of
the court.

Appellees sued the appellant and William M. Silver
upon an injunction bond given to them, upon which appel-
lant was surety only.  A recovery, by the verdict of a jury,
was had for $201 damages, and the court having overruled
appellant's motion for a new trial, gave judgment for the
penalty of the bond and the damages, the former to be
satisfied by payment of the damages.  To reverse this
judgment appellant has brought her appeal to this court,
insisting that the court erred in sustaining the demurrer to
several of her pleas; that the verdict is contrary to the law
and the evidence of the case, and the court gave improper
instructions.  Upon the examination of the various pleas
in the case, those to which the demurrer was sustained and
those upon which issues were formed and the trial had, in
view of the nature of the case, and the evidence introduced
upon the trial, we think that if error was contained in the
ruling of the court upon the pleas, that such error did
appellant no harm, for the reason that appellant upon the
trial had the full benefit, under the pleas upon which the
trial was had, of all proper matters of defense contained in
the pleas to which the demurrer was sustained, and it
would therefore be useless for us to take up the several
pleas to discuss the questions arising upon them.

The bond sued upon was given by William M. Silver,
with appellant as surety, in a suit in equity by the former
against appellees.  Appellee Johannah Smith owned the
legal title to a house and lot, which she and her husband,
James S. Smith, claimed to occupy as a homestead.  This
property had been conveyed by Silver to them, and he, it
seems, had retained the possession of and occupied a part

of the house.   The Smiths sued Silver before appellee Snyder, a justice of the peace, in forcible detainer, and had obtained judgment to dispossess him of the rooms he so occupied.   The bill in equity was for an injunction against the execution of such judgment, and to set aside the conveyance of Silver to Smith on the ground of fraud.   A preliminary injunction was ordered by a judge of the Circuit Court, conditioned that the complainant in the bill would file bond duly conditioned, with sufficient surety, in the penal sum of $300, but made no reference by whom such bond was to be approved.   The bond was accepted by the clerk without approval by the judge, and the writ of injunction issued.   The bond was executed to all the defendants in the bill as obligees, James S. Smith, Johannah Smith and F. M. Snyder, and was conditioned that William M. Silver, the complainant in the bill, and his surety, should pay or cause to be paid to James S. Smith and Johannah Smith all such costs and damages as should be awarded against the complainant in case the injunction should be dissolved, otherwise the obligation should be void.

When the cause of the bill came on for hearing it was dismissed by the complainant, and the injunction consequently dissolved.   No damages were suggested or assessed in the equity case.   The damages claimed upon the trial were for the costs of the injunction suit, including solicitor's fees and the loss of the use of the part of the house occupied by Silver during the pendency of the injunction, such occupancy having been for nearly eighteen months. The rental value of the rooms was variously estimated by the witnesses, some of them as high as $10 per month, and the value of the solicitor's fees, confined to the injunction, for the services to obtain its dissolution, was estimated as high as $75.   It was in evidence that a motion to dissolve the injunction had been made and denied by the court, and that the defendants had made all necessary preparation for the hearing, at the time the bill was dismissed, it having been before that time referred to a master, who had taken the evidence and reported it to the court, together with his conclusions.

From the facts we have stated, and others contained in the record unnecessary to recite, we are of the opinion the amount of damages contained in the verdict that was returned, is amply supported by the evidence. In truth the damages might have been greater, and there would be no just ground of complaint. We are unwilling to disturb the verdict on the ground it is unsupported by the evidence.

It is insisted the court allowed evidence of the value of solicitor's fees generally, in the suit in equity. We are not satisfied, upon an inspection of the abstract, that this is true. Evidence of a contract between the defendants and their solicitors was admitted, and that, it seems, did relate to the whole case, but by examination of the witness it appears the separate amount for the injunction was specified. Besides, in view of the instructions given by the court, at request of appellant, upon this subject, it is difficult to imagine how the jury could have been misled in giving solicitor's fees for all the services in the case. A bare inspection of the amount of the verdict in the light of the evidence, it seems to us, refutes such an inference. Much complaint is made of the instructions given by the court at the instance of the plaintiffs. The abstract shows ten of such instructions, most of them quite voluminous, very much involved and many of them inaccurate, and such as, if there were close questions upon the evidence, would cause prejudicial error; but it seems so clear to us that there was no real or meritorious defense to the amount of the verdict that was returned, that the errors of instructions complained of are harmless, and the judgment ought not to be reversed for such reason. It is also objected, that for the reason it does not appear that the judge who ordered the injunction to issue approved the bond, that therefore it is but a common law, and not a statutory obligation, and Rutan v. Laganda Bank, 72 Ill. App. 35, and Bochner v. A. T. S. Co., 80 Ill. App. 27, are cited in support of the argument. In those cases, however, it had been ordered by the court, at the time of granting the injunction, that the bond be approved by the clerk,

and it was said there existed no statutory authority for such order. In the present case it does not appear that the judge granting the injunction ordered it to be approved by the clerk, although it does appear the clerk did in fact approve it. Without such order of the judge he acted merely of his own volition, and it would be more reasonable to presume, in the absence of evidence to the contrary, that the judge did approve the bond and so informed the clerk, than to presume that the injunction issued without legal authority. If in fact the bond was not presented to the judge for his approval, and the parties who executed it obtained the injunction upon its faith, they ought now to be estopped from setting up their own dereliction in deprivation of the statutory qualities of the obligation. But whether the bond is to be regarded merely as common law or statutory obligation, we think, is not important, for its construction would be the same, so far as it relates to the question of the meaning of the recitation that the obligors will pay or cause to be paid to James S. Smith and Johannah Smith all such costs and damages as shall be awarded against William M. Silver. Whether the damages are awarded in the chancery cause or in the suit brought upon the bond, the effect would be the same, and this was the law previous to the time the legislature gave to the court power to award the damages in the injunction suit itself, and that rule was only changed by the first enactment, and again restored by the present proviso to section 12, chapter 69, Rev. St. Hibbard v. McKindley, 28 Ill. 240; Russell v. Rogers, 56 Ill. 176. It is also argued that the bond being a joint obligation, and three obligees, and the condition of defeasance that the obligors should pay such damages as might be awarded to only two of the obligees, did not give the two beneficiary obligees the right to sue alone. The force of this point is not seen. The suit is prosecuted by all three of the obligees, under the declaration as amended. It is true the declaration says it is for the use of the two beneficiaries; but that is mere surplusage and is to be discarded. The legal title to

the damages to be recovered is in the three obligees, and what they do with the proceeds of the recovery is a matter among themselves, so far as the right to maintain this suit is affected. The obligation of the condition of the bond is, that the appellants will pay to the two Smiths all such costs and damages as shall be awarded against the complainant Silver, in case the injunction shall be dissolved. Damages were awarded by the verdict in this case. Such damages followed the dissolution of the injunction. The cases of Phillips v. Singer Co., 88 Ill. 305, and Safford v. Miller, 59 Ill. 211, cited by counsel for appellants in support of this point, have no application. In the first case the bond was held inadmissible in evidence, because it was described in the declaration as having been given to the Singer Manufacturing Co., when in fact the bond was executed to that company and Everhard and Harris. The bond in the present case is correctly described in the declaration as having been executed to the Smiths and Snyder. In the second case cited, it was held that the different classes of damages—that is, damages affecting one of the obligees, and damages to another, and again damages to two jointly—could not be recovered in the same suit. It is only sought in the present suit to recover damages affecting two of the obligees jointly, and we see no reason why that should not be done—for that is the plain meaning and intent of the bond. It is, however, contended that inasmuch as Johannah Smith was the owner in fee of the property affected by the injunction, she alone could recover; but the answer to that is, that the other party was her husband, and they claimed the property as their homestead. We are of the opinion, therefore, the Smiths were entitled to have the damages assessed jointly to them, and this was the object of the suit, and consistent with the terms of the obligation sued on.

Finding no reversible error, the judgment of the County Court will be affirmed.