## Alfred H. Edwards, Appellee, v. Sam Capocasa, Appellant.

## Gen. No. 10,376.

Opinion filed January 10, 1950. Released for publication February 9, 1950.

JAMES A. POWERS, of Elgin, for appellant.

McQUEEN, CHURCHILL & KIRKLAND, of Elgin, for appellee; ALFRED Y. KIRKLAND, of Elgin, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

The circuit court of Kane county issued a temporary injunction restraining Sam Capocasa from dumping, piling and feeding garbage on his premises near Carpentersville, Illinois. The Capocasa premises are just south of and adjacent to Alfred H. Edward's premises. Subsequent to the issuance of the injunction order, Capocasa was cited into court to show cause why he should not be punished for contempt of court for ignoring the injunction order. Capocasa came into court, hearing was had, and the court found the defendant guilty of contempt of court and sentenced him to jail for thirty days, and to pay a fine of $250. It is

from this order that the appellant has perfected an appeal to this court.

The evidence clearly shows that Capocasa violated the injunction order by continuing to dump and pile the garbage on his premises, as he had been doing before. The only question raised is whether the court exceeded its authority when he ordered Capocasa to serve a jail sentence and to pay a fine.

In *Hake v. People,* 230 Ill. 174, it is there stated: "The law is well settled that a court of chancery may impose a fine alone for the violation of an injunction and commit the party until the fine and costs are paid, or, in its discretion, may fix a definite period of imprisonment, either with or without a fine. The court granting the injunction is necessarily invested with large discretion in enforcing obedience to its mandate, and upon proceedings for attachment for its violation the extent of the fine and imprisonment to be inflicted as a punishment for the contempt rests in the sound legal discretion of the court itself. Courts of appellate jurisdiction are exceedingly averse to interfering with the exercise of such discretion, and will not ordinarily reverse the action of the inferior courts in such matters."

The only cases cited by the appellant claimed to sustain his contention are *Denison Cotton Mill Co. v. Schermerhorn,* 257 Ill. 128, and *People v. Redlich,* 402 Ill. 270. These cases are entirely different from the case at bar. In the *Denison* case it is not a violation of an injunction, but an order of court that the defendant in the case permit the plaintiff to inspect certain books and papers in their possession. The court held the plaintiff in contempt for failure to comply with that order. *People v. Redlich* is a criminal case in which the court ordered the accused to submit to an examination by a psychiatrist, he refused, and was found in contempt of court. In such cases the usual order is

that the defendant be sentenced to jail until he complies with the order of court, or pay a fine if he does not comply with the court order. The rule of law governing contempt is entirely different when an injunction order of the court has been violated. This court in the case of *Farwell v. Horton,* 301 Ill. App. 372 and *Fansteel Metallurgical Corp. v. Lodge 66 of Amalgamated Ass'n of Iron, Steel & Tin Workers,* 295 Ill. App. 323, passed upon similar questions and followed the rule as announced in *Hake v. People,* 230 Ill. 174.

The trial court did not err in sentencing the appellant to jail for thirty days and to pay a fine of $250. The judgment is therefore affirmed.

*Judgment affirmed.*