Treat, C. J. In March, 1848, Hahn brought an action of trespass quave clausum fregit, against Ritter. The latter pleaded not guilty, and liberum tenementum. The case resulted in a verdiet and judgment in favor of Ritter. In June, 1849, Hahn brought another action for trespass on the same premises. The declaration contained two counts; in the first, the acts complained of were laid as committed before the first action was commenced; in the second, as committed after the bringing of that action, Ritter pleaded liberum tenementwm to both counts, the former recovery to the first count, and not guilty to the second count. The proceedings in the former action were read in evidence on the trial. The Court, at the request of Ritter, charged the jury, “that if they believe from the evidence, that the former suit was brought for the same identical trespass, for which this action is brought, and that the title to the land was then distinctly put in issue by the parties, they must find for the defendant.” The verdict and judgment were for Ritter, and Hahn brings the case into this Court. It is a general rule in relation to actions for torts, that matters in discharge or justification of the action, must be specially pleaded, and cannot be given in evidence under the general issue. A former adjudication of the same cause of action, falls directly within this principle. It is distinctly held in the action of trespass, that a former recovery must be specially pleaded, and cannot be insisted upon under the plea of not guilty. 1 Chitty’s Pl., 10th Am. Ed., 506; Coles v. Carter, 6 Cowen, 691. Apply this rule to the present case, and the instruction was clearly erroneous. Ritter only relied oh the former adjudication, as a bar to a recovery on the first count of the declaration. The proceedings in the first action, were only admissible in evidence to sustain the plea to that count. The jury had no right to take them into consideration, in determining the issues on the second count. The instruction should therefore, have been restricted to the first count. It was erroneous, when applied to the whole declaration. But, if specially pleaded to both counts, the recovery in the first action, constituted no defence to the acts committed after that action was commenced. The finding, in that case, was general. It may have been for the defendant on the issue of not guilty. But,- if on the other issue, it did not necessarily determine the question of title' to the close, further than at the time of the commission of the acts complained of. The plea of liberum tenementumj in the former action, simply alledged that the locus in quo was the close of the defendant. It may have been Ms close when the trespass in that suit was committed, and yet his rights therein may have wholly determined before the suit was tried. The plaintiff may have had no interest whatever in the premises, prior to the bringing of the first action, and still have acquired an estate in fee simple, before the commission of the second trespass. The judgment of the Circuit Courtis reversed, with costs, and the cause remanded for further proceedings. Judgment reversed.