THE ILLINOIS STEEL COMPANY

*v.*

MICHAEL NOVAK.

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

1. PLEADING—*when defense of justification cannot be urged in action for assault.* Justification cannot be urged in defense of an action for assault and battery by defendant's servant, where the declaration charges a willful and wanton assault without right or provocation and the only plea filed is that of not guilty.

2. APPEALS AND ERRORS—*what a waiver by both parties of defense of variance.* That the facts proven were not within the allegations of the pleadings cannot be complained of by either party on appeal, where each submitted instructions declaring the rules of law applicable to the facts proven, regardless of the issue made by the pleadings, and asking a verdict in accordance therewith.

*Illinois Steel Co.* v. *Novak,* 84 Ill. App. 641, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

KEMPER K. KNAPP, for appellant.

JULIUS F. SMIETANKA, and J. WARREN PEASE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This appeal seeks to reverse a judgment of the Appellate Court affirming that of the circuit court in favor of appellee, against the appellant company, in the sum of $1000.

The declaration was in trespass for assault and battery, and alleged, in substance, that on the 15th day of December, 1896, the defendant was a corporation engaged in the manufacture of iron products at South Chicago; that plaintiff, on the day aforesaid, was lawfully upon the premises of the said defendant and was conducting himself in a peaceable and orderly manner, and that thereupon a certain servant of the said defendant engaged upon his master's business and acting in the scope of his authority as such servant, and with force and arms, *and without right or provocation*, wantonly, willfully, carelessly and negligently *did commit an assault upon the said plaintiff*, and thereupon violently beat the said plaintiff and greatly wounded and ill-treated him, and thereupon beat him over the shoulders with a certain club or cudgel then in the hands of the said servant of the said defendant, and thereupon knocked him down upon the ground or floor of the premises of said defendant and greatly maltreated him in the premises. Then follow allegations as to the extent of the injury and damages, etc. This declaration stated a good cause of action in trespass for the assault and battery committed by a servant. The appellant company filed but a single plea—that of not guilty. Under the issues thus formed it was not competent for defendant to urge in defense of the action the assault and battery was justifiable. *Hahn* v. *Ritter*, 12 Ill. 80; *Olsen* v. *Upsahl*, 69 id. 273; 2 Ency. of Pl. & Pr. 862.

The cause was heard by a jury. The evidence tended to establish the appellee was on the premises of the appellant company without right, and that a servant of the company, acting under its orders to eject him from its

premises, laid hold upon him, and in the struggle which ensued struck him with a club, knocked him down and beat him, inflicting severe injuries upon him. The effect of the testimony was to overturn the case stated in the declaration, that appellee was lawfully on the premises of the appellant company and for that reason the assault made was from its inception unlawful, and also to overcome the defense, under the plea of not guilty, that the appellant company had not committed an assault. Counsel for the respective parties, losing sight of the state of the pleadings or voluntarily abandoning the issues thereby made, procured the court to instruct the jury as to the law applicable to the facts proven, and submitted the cause in that manner to the jury for decision. At the instance of the appellee the court instructed the jury, that even if the appellant company had the lawful right to eject the appellee from its premises, yet it was not lawful to employ more force in so ejecting him than was reasonably necessary, and if the jury believed excessive and unreasonable violence was employed, the appellant company should be deemed to have committed a trespass and the plaintiff should be awarded a verdict. At the request of the appellant company the court instructed the jury, if they believed the appellee was on the premises unlawfully and refused to depart therefrom it was justified in ejecting him by force, and in employing as much force as was reasonably necessary to remove him from its premises. The parties by these instructions directed the attention of the jury to the law applicable to the rights of the parties on the state of facts presented by the proofs, without regard to the state of the pleadings. The case for the appellee as made by his declaration was, he was rightfully on the premises of the appellant company and the assault upon him was unlawful. His case presented to the jury by the evidence and the instructions was, that though on the premises of the appellant company without right and therefore subject to be forcibly ejected,

excessive and unnecessary force was employed, resulting in personal injury and constituting an assault and battery. The defense as set forth by the plea was, that the defendant company had not committed an assault upon the person of appellee. The defense as presented to the jury by the proof and the instructions of the court was, that the appellant company had by its servant laid hold of the person of the appellant and forcibly removed him from its premises, but that the assault so made upon him was justifiable.

The parties having, respectively, procured the court to declare to the jury the rules of law applicable to the state of facts disclosed by the evidence and to direct the jury to return a verdict in accordance with his or its legal rights, under such state of facts neither can be heard to complain the instructions of the court authorized recovery or successful defense to the action on the case made by the proofs, on the ground the facts proven were not within the allegations of the pleadings. The controlling principle in such instances is illustrated by the rulings of this court in *Illinois Central Railroad Co.* v. *Latimer*, 128 Ill. 163, and *Consolidated Coal Co.* v. *Haenni*, 146 id. 614.

It is not complained the court erred in advising the jury as to the law governing the liability of a master for an assault committed by the servant. Whether the person who assaulted and beat the appellee was the servant of the appellant company, and whether the duties of such servant and the circumstances of the assault were such as to make the appellant company liable, or the damages awarded by the jury were excessive, were questions of fact and not open to review in this court.

The judgment is affirmed.    *Judgment affirmed.*