Carey v. Walsh.

---

## James J. Carey v. M. R. Walsh.

1. APPELLATE COURT PRACTICE—*Requisites of the Abstract.*—Under the rules of this court an appellant must present an abstract that shows what the case is, what errors prejudicial to him were committed below, his exceptions thereto, and how the errors are presented to this court by the record, and this with sufficient fullness so that, ordinarily, there will be no necessity for the court or opposite counsel to inspect the record.

2. SAME—*Instructions to be Presented in the Abstract.*—Parties have no right to set forth a single instruction or the instructions given on one side of the case, and object to the same, leaving the court to go to the record for the purpose of determining whether others supply omissions or cure defects complained of.

Assumpsit, on an open account. Appeal from the County Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

W. H. KETCHAM and STRAWN, FUNK & STRAWN, attorneys for appellant.

R. S. MCILDUFF, attorney for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellant against appellee on an open account before a justice of the peace.

On a trial in the Circuit Court to which the case was appealed there was a judgment against appellant for $86.39, from which he appeals to this court. The abstract of the

bill of exceptions in this case contains a portion only of the instructions given and refused, and does not show by whom they were offered, nor any exception to the action of the court thereon. It also fails to show what points were assigned on the motion for a new trial, or that any exception was taken to the denial of said motion or the rendition of judgment. The abstract does not comply with the rules of this court, and fails to present the errors relied upon to reverse the judgment. In a somewhat similar case, Martin v. McMurray, 74 Ill. App. 44, it was said by this court:

"Under the rule in question (rule 20) appellant must present an abstract that shows what the case is, what errors prejudicial to him were committed below, his exceptions thereto, and how the errors are presented to this court by the record, and this with sufficient fullness, so that ordinarily there will be no necessity for the court or opposite counsel to inspect the record. We forbear to cite the numerous cases in which the appellate courts of this State have enforced this rule."

In Roodhouse v. Christian, 158 Ill. 137, it was said by the Supreme Court:

"In determining whether or not an instruction is erroneous, it must be considered in connection with all the other instructions given in the case; and even though one or more instructions in a series may be erroneous, still, unless it can be seen that some injury thereby resulted to the party complaining, the error will be treated as a harmless one. It is therefore manifest that a case can only be properly considered, where the ruling of the trial court in giving instructions is assigned for error, when all the instructions given are presented by the abstract. All the instructions asked upon the trial should be set forth in the abstract. Parties have no right to set forth a single instruction, or the instructions given on one side of the case, and object to the same, leaving the court to go to the record for the purpose of determining whether others supply omissions or cure defects complained of."

This abstract, therefore, presents no question of either law or fact for our consideration.

We have, however, read and considered the evidence.

From the proofs it appears that the appellee was a grain dealer in Campus, Illinois, and appellant a farmer living near by; that they had dealt with each other for years, and there was an open account between them at the time the controversy in question arose.

The only question of fact disputed, as agreed by counsel in their briefs, is whether appellee had a right to charge appellant the sum of $154 paid by the former on a note upon which appellant was surety. This payment was made by appellee after two conversations between him and appellant concerning the matter, and we find that the preponderance of the evidence supports the claim of appellee that he was authorized by appellant to pay said sum and charge the same to him. The judgment was therefore correct, and will be affirmed.