## Thomas Grabill v. Ethmer Ren, by His Next Friend.

1. APPELLATE COURT PRACTICE—*Duty of Appellant to Furnish Complete Abstract.*—The rules of this court require a party who brings a cause here to furnish a complete abstract or abridgment of the record. He must show everything in the abstract upon which error is assigned.

2. INSTRUCTIONS—*As to Weight to be Given to Testimony of Witnesses.*—The jury were instructed that when witnesses are credible and their evidence otherwise entitled to equal weight, greater weight and credit should be given to those, if any, whose means of seeing and being informed were superior, and also to those who swear affirmatively to a fact rather than those who swear negatively. *Held,* that though not an entirely accurate statement of the law, still not misleading as applied to the testimony in this case.

3. EVIDENCE—*Greater Weight to be Given to Affirmative than to Negative Testimony.*—The law makes a distinction between what is called affirmative testimony and negative testimony, and the rule is that greater weight should be attached to affirmative than to negative testimony.

4. SAME—*What is Not Negative Testimony.*—When one set of witnesses testify to an occurrence and another set of witnesses swear that they had equal opportunity for knowing the fact, and had their attention directed thereto, and that the fact did not occur, the testimony of the latter set is not negative testimony.

5. PLEADING—*Defense of Justification in Actions of Tort to be Specially Pleaded.*—The defense of justification in actions of tort must be specially pleaded.

Trespass on the Case, for assault and battery. Appeal from the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed October 8, 1903.

C. D. HENDRYX and J. L. WELLES, attorneys for appellant; C. C. CRAIG, of counsel.

J. E. MALEY, FLETCHER CARNEY and JAMES W. CARNEY, attorneys for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Knox County in favor of appellee and against appellant for $300 awarded by the jury in an action on the case for an assault and battery. The declaration charges that on the 2d day of August, 1902, Thomas Grabill with force and arms assaulted one Ethmer Ren, with his fists or with a weapon, and struck said Ethmer Ren, he being at the time a minor son of J. A. Ren, and that the defendant then and there struck the plaintiff a violent blow or blows, then and there breaking the collar bone, and beat, bruised and otherwise injured the plaintiff, thereby causing pain, suffering, loss of time and expenditure of $100 in seeking to be cured of the injuries.

The plea was not guilty. The first and second assignments of error relate to the rulings of the court on the objections made to evidence offered by the parties. Upon carefully examining the abstract of the evidence we fail to

find a single ruling of the court on a question of the admission or rejection of the evidence. It is the duty of the appellant to show everything in the abstract upon which error is assigned. The rules of this court require a party who brings a cause here to furnish a complete abstract or abridgment of the record. Our rule on this subject is similar to the one in force in the Supreme Court on the same subject.

In City Electric Ry. Co. v. Jones, 161 Ill. 47, that court held that " everything on which error is assigned must appear in the abstract." Again in Staude v. Schumacher, 187 Ill. 187, it is said:

" The rules of this court require the party bringing a cause into this court to furnish a complete abstract or abridgment of the record, properly indexed—such an abstract as will fully present every error and exception relied upon, and sufficient for the examination and determination of the case without an examination of the written record."

In the case of Gibler v. City of Mattoon, 167 Ill. 18, the same rule was again announced and the reasons upon which it rests adverted to. The rule has frequently been applied in this court. Martin & Co. v. McMurray, 74 Ill. App. 44; Carey v. Walsh, 92 Ill. App. 89.

It is next assigned as error that the court improperly instructed the jury. Instruction number ten given for appellee is as follows:

" When witnesses are credible and their evidence otherwise entitled to equal weight, greater weight and credit should be given to those, if any, whose means of seeing and being informed were superior, and also to those who swear affirmatively to a fact rather than those who swear negatively."

It is undoubtedly the law that in passing on the weight to be given the testimony of a witness the jury should consider the means of knowledge and the opportunities afforded for seeing and learning the facts about which they testify. Shall a witness who is in the dark be accorded as much weight as one of equal credit who had the aid of

light to see the facts about which he deposes? Shall a blind man who swears he saw, or a deaf man who swears he heard, stand before the jury on an equal footing with a witness, otherwise equally credible, who is in the full possession of all his faculties? Certainly not. In determining the probability of the truth of a statement of fact, the jury must use their reason and common sense as men acquainted with the ordinary affairs of life; and to deny to the jury the right to consider, among other things, the means of seeing and being informed which the witness is shown to have had respecting the occurrences about which he testifies, is to deprive the jury of those tests which appeal to the natural reason of every man as the safest means of arriving at the truth of any matter of fact depending on moral evidence. The instruction in its first clause, while not happily worded, did not, in our opinion, mislead the jury. The second proposition in the instruction is open to criticism. It is true the law makes a distinction between what is called affirmative testimony and negative testimony, and the rule is that greater weight should be attached to affirmative than to negative testimony.

In West Chicago St. R. R. Co. v. Mueller, 165 Ill. 500, our Supreme Court say:

" It is unquestionably the law, and has been frequently so announced by this court, that negative testimony is not entitled to the same weight as affirmative testimony, and the rule has been applied to cases where one set of witnesses testified that a bell was rung or a whistle sounded and others stated they did not hear it. The testimony of the former being held of greater weight."

It is also a rule of law that when one set of witnesses testify to an occurrence and another set of witnesses who swear that they had equal opportunities for knowing the fact, and had their attention directed thereto, and that the fact did not occur, is not negative testimony. Rockford, Rock Island and St. Louis Railroad Co. v. Hillmer, 72 Ill. 235. As applied to the testimony in this case the instruction was not misleading. A number of witnesses testify that they did not see the appellant strike the appellee, but

they do not swear that he did not strike him.    The testimony was of a negative character within the strictest sense of the term, and it was therefore not error to give the instruction under the facts of this case, but we do not wish to be understood as approving the instructions as an entirely accurate statement of the law.

Instructions numbered 11 and 16 are objected to because they omit to tell the jury that the appellant had the right to strike the appellee in his necessary self)-defense.    In his declaration the plaintiff charged the defendant with an unlawful assault and battery.    The defendant pleaded not guilty, which presented the single question of whether or not the defendant did in fact commit the assault.

The defense of justification in actions of tort must be specially pleaded.    1 Chitty Pl. 501; Hahn v. Ritter, 12 Ill. 80; Olsen v. Upsahl, 69 Ill. 273; Ill. Steel Co. v. Novak, 184 Ill. 501.    The defendant not having seen proper to invoke the doctrine of self-defense by a proper plea, and having tried the case below on the single issue raised by the plea of not guilty, can not complain that the issue of self-defense was not presented to the jury by the instruction for the plaintiff.

Complaint is made of an instruction of the court relating to punitive damages.    Without passing on the instruction it is apparent that if the jury found the defendant guilty of an assault, which, as the evidence shows, broke the collar bone of appellee and laid him up for three or four weeks, causing great pain and suffering, a verdict for $300 could not reasonably be supposed to include any exemplary damages, therefore any instruction on that subject can not have misled the jury to the injury of appellant.

It is next alleged that the verdict is contrary to the evidence.    This can only be sustained on the theory that the defendant's witnesses, whose numbers largely exceed those of the plaintiff, are entitled to the same weight as those who testify for the plaintiff.    This, as we have already shown, is not true, for the reason that their testimony was negative merely, and those who testify for the

plaintiff swear affirmatively that they saw the appellant strike the appellee, which, if believed by the jury, was decisive of the only issue raised by the pleadings. There was a large crowd of excited men and boys gathered at the race course in Maquon at the time of the alleged difficulty. Several fights seem to have been going on about the same time. In the melee it is reasonably certain that appellee, a boy of sixteen years, was assaulted and his collar bone fractured; appellee and two or three other witnesses swear positively that appellant is the man who committed the assault. Appellant denies this and a large number of persons who were in the crowd swear they did not see appellant assault appellee. This mere negative testimony seems not to have overcome in the minds of the jury the positive affirmative testimony for the plaintiff, and we are not inclined to find otherwise on the facts. Finding no error in the record the judgment is affirmed.