**William C. Rich, Sr., Appellant, v. William S. Lence, Appellee.**

1. Appeals and errors—*what assignments deemed waived.* Objections to rulings relied upon but not pointed out are deemed waived.

2. Appeals and errors—*what abstract should show.* The abstract should show the making of the appropriate motions and the taking of the necessary objections in order that a review of the judgment complained of will be undertaken.

3. Instructions—*when erroneous, as to preponderance of evidence will not reverse.* An instruction is erroneous which requires a clear preponderance, but such an instruction will not reverse

where other instructions have been given which state the law correctly and no prejudice appears to have resulted.

Action commenced before justice of the peace. Appeal from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed March 4, 1909.

D. W. KARRAKER and H. F. BUSSEY, for appellant.

WILLIAM D. LYERLE and TAYLOR DODD, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

This suit was brought before a justice of the peace by the appellant against appellee to recover damages for cutting and taking timber from land claimed by appellant. From a verdict and judgment in the justice court in favor of the plaintiff, the defendant appealed to the Circuit Court, when another trial by jury resulted in a verdict for the defendant. On motion made by plaintiff, the verdict was set aside and a new trial granted. The case was again tried by a jury, which returned a verdict in favor of the defendant, upon which judgment was rendered and the plaintiff appealed.

It appears that appellant and appellee are adjoining landowners, and that the location of the line which separates them is in dispute, aggravated by conflicting surveys made by different, but apparently competent surveyors. The evidence is somewhat voluminous and throughout is more or less conflicting as to the location of the corners, lines and monuments adopted by one or other of the surveyors, in trying to establish the true line between the lands of the litigants.

The timber or trees for which the suit was brought, were taken from a strip of land intended for a private road, granted by appellee to another party. There is some evidence that the Johnson survey, upon which appellee relies, was procured and made under verbal agreement or understanding

between the parties herein, to have the division line and their dispute settled in that way. Be that as it may, the disputed territory lies between two lines, one of which was established by the survey of W. M. Johnson, and the other by the survey of W. E. Townsend. Appellant insists that Townsend's survey should control, and appellee is equally insistent that Johnson's is the true line. The difference between them arises, not because of the superior professional qualifications of one surveyor over that of the other, but by reason of the uncertainty as to the location of formerly established or recognized corners, monuments or lines from which to make measurements and determine the true boundary line. That the evidence respecting these matters was conflicting is not denied, but we are asked to reverse the judgment because the verdict was manifestly against the weight of the evidence. There is complaint of the court's ruling upon the admission of evidence, but as the error is not pointed out in argument, that objection is waived.

After carefully reading the evidence found in the abstract, we are unable to say that the jury's finding is not sustained, or that it appears of record that the verdict is contrary to the clear preponderance of the evidence.

The only error presented and to be considered is that which challenges the action of the court in giving appellee's first instruction. We accede to appellant's contention, that this instruction does not correctly state the law respecting the degree of proof required of the plaintiff in this action, and if this instruction stood alone, unqualified, and if it were not practically annulled by all other instructions given at the instance of both the appellant and the appellee, we would be inclined to hold that the court committed prejudicial error in giving it. This is not a case wherein a clear preponderance of the evidence is required of the plaintiff. It is sufficient that he has a mere preponderance, and this, the correct rule, we find

clearly stated and repeated by a number of instruc-tions given, and we are of opinion that the jury was not misled or influenced to the appellant's prejudice by the erroneous instruction given. Nothing appears to indicate that the jury was moved by passion or prej-udice, or that the verdict is not the result of a fair, impartial and conscientious consideration of the evi-dence submitted. Appellant had a fair trial of his case, two juries have found adversely to his claim, and we think the judgment should stand.

If for no other reason, the judgment would be af-firmed because it is not shown by the abstract what objections were made by a motion for new trial, or that exceptions were preserved to the court's action in overruling the motion for a new trial and in render-ing judgment on the verdict. It has frequently been held that an objection or exception not appearing from the abstract to have been made and preserved in the lower court, may not be considered on appeal. Carey v. Walsh, 92 Ill. App. 89, and cases there cited. The judgment of the Circuit Court will be affirmed.

*Affirmed.*