### B. F. Chapman, Appellee, v. City of Litchfield, Appellant.

1. VARIANCE—*when question of, waived.* If a party procures the court to declare to the jury the rules of law applicable to the state of facts disclosed by the evidence and to direct them to return a verdict in accordance with his legal rights under such state of facts he cannot complain that the facts proven were not within the allegations of the declaration.

2. MUNICIPAL CORPORATIONS—*what defense not available to.* A city cannot avail of the defense of independent contractor where the work done by the contractor was such which the city was required itself to do and could not delegate.

3. DAMAGES—*injuries resulting from sewer construction.* If injuries to personal property result from sewer construction by a city such city is liable and such liability cannot be avoided by the interposition of the defense of independent contractor.

Action in case. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed October 18, 1910.

M. M. CREIGHTON and HILL & BULLINGTON, for appellant.

LANE & COOPER and T. A. GASAWAY, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

In an action on the case, Benjamin F. Chapman, the plaintiff, recovered a judgment against the defendant, city of Litchfield, for the sum of $100 and costs. The amended declaration charges that the plaintiff was the owner of certain premises in the city of Litchfield, upon which was situated a dwelling house occupied by himself and family; that the defendant constructed a certain sewer in and along a certain street in said city, in the vicinity of said premises; that in so doing, the said city left a large hole at or near the intersection of Edwards street and Montgomery avenue, at a distance of about thirty feet from the dwelling house of the plaintiff, which said hole became filled with rubbish, offal and putrid matter, thereby creating a nuisance, and that the defendant also permitted a certain other sewer, also constructed in the vicinity of the premises of the plaintiff, to remain open, from which sewer noxious and offensive odors and gases emanated and entered into and were diffused over, into, through and about said premises of the plaintiff, rendering the same unwholesome, unhealthful and uncomfortable, and endangering the health of the plaintiff and his family. During the trial the court permitted the plaintiff to amend his declaration, and refused thereafter to grant a continuance of the cause upon motion of the defendant. To the declaration the defendant pleaded the general issue and also a special plea of license.

There is evidence tending to show that the plaintiff was in the possession of certain premises in the city of Litchfield, upon which was situated a dwelling house, which had been for several years occupied by himself and family as a home; that the main sewer of the city, through which all the sewage of the city flowed, ran east down Edwards street several blocks, and then passed south of appellee's house about sixty feet, parallel with his premises; that about April 1, 1907, said sewer was opened, under the direction of the board of local improvements of the city and the city

engineer, by one Hamm, contractor, at a point about one hundred feet southeast of appellee's dwelling; that an additional sewer, known as the south sewer, was then constructed for a distance of about ninety-five feet from said opening; that there was left and permitted to remain in the walls of said original sewer, until the latter part of August, 1908, a hole about four feet square, from which hole noxious vapors, gases and other stenches emanated.

The evidence further shows that appellee's said premises abut Montgomery avenue, a north and south public street, upon the east; that about thirty feet southwest of appellee's said dwelling house, in Montgomery avenue, there was a hole about one hundred feet long, twenty feet wide and ten feet deep, in which during the winter and spring of 1909, refuse was deposited, under the direction and superintendence of the city. There is evidence tending to show that appellee frequently complained to the city authorities of such conditions and of the stenches and odors arising from the hole in the Edwards street sewer and from the refuse deposited in the hole in Montgomery avenue; that because of such conditions and of the odors and gases arising therefrom, it became necessary for the appellee to keep the windows and doors of his house closed; that during the warm weather the members of his family were unable to sleep, and had been compelled to purchase disinfectants for use in and about the premises.

The special plea is not abstracted, and it is therefore unnecessary to discuss or determine the questions raised and argued relative to the rulings of the court upon the pleadings. It is urged that the evidence with reference to the hole in Montgomery avenue was at variance with the allegations of the amended declaration, and that it was error to admit the same. It will suffice to say that we are of opinion that the court did not err in permitting an amendment to the declaration, nor in refusing to grant a continuance thereunder, and

further that the allegations of the declaration were sufficiently broad after amendment to permit the introduction of evidence as to the hole in Montgomery avenue and its condition. The record shows that after the amendment of the declaration the city called and examined some fourteen witnesses as to the condition of such hole.

By the sixth instruction offered by the city, the jury were told that if they believed from the evidence that there were offensive, nauseous and noxious smells in or around the plaintiff's house, yet if they believed that such smells originated from other place or places than the hole in Edwards street sewer or the hole in Montgomery avenue, they should find the defendant not guilty. Having thus procured the court to declare to the jury the rules of law applicable to the state of facts disclosed by the evidence, and to direct them to return a verdict in accordance with its legal rights under such state of facts, appellant cannot complain that the facts proven were not within the allegations of the declaration. Illinois Steel Co. v. Novak, 184 Ill. 501.

It is also urged that the court erred in refusing to admit in evidence the contract between the city and Hamm for the building of the south sewer, as tending to show that the nuisance was created by the acts of an independent contractor. We think the contract was properly excluded. The statute delegates to appellant the duty and power to construct and keep in repair its culverts, drains, sewers, and cess-pools, and to regulate their construction, repair and use. It was not in the power of the city to delegate the care of its streets to a contractor and by so doing relieve itself of responsibility for the maintenance of a nuisance in its streets, injurious to the health of its citizens. Having failed in the performance of such duty, and permitted the Edwards street sewer, which was under its direct control in that regard, to become and remain a nuisance, it cannot escape responsibility for injury to appellee and his family, merely because the original

nuisance was created under the contract with Hamm. It is wholly immaterial whether or not the sewer was being constructed pursuant to an ordinance of the city. The evidence shows that the contractor was acting under the authority of the board of local improvements and the city engineer. Neither is it material whether or not public necessity and welfare demanded the construction of the sewer. The right to construct the sewer did not include the right to destroy or seriously impair the value of the property of a citizen by maintaining a nuisance.

The statute also gives the city power to regulate the throwing and depositing of ashes, offal, dirt, garbage or any offensive matter in the public streets. When the city had notice, as the evidence showed that it did, of the depositing of refuse in the hole in Montgomery avenue, and that a nuisance was thereby created, it was its duty to abate the same, and having failed to do so, it became liable to the appellee for damages resulting from such failure. The fact that the public at large may also have been injured by the existence of the nuisance, does not affect appellee's right of recovery.

We think the given instructions when read as a whole, fairly presented the law applicable to the facts, and that the court did not err in the refusal of certain instructions offered by appellant. We do not think that the remarks of the trial judge when ruling upon the admissibility of the contract referred to, even if held to be improper, operated to prejudice the appellant. We find no prejudicial error in the record and the judgment of the circuit court will be affirmed.

*Affirmed.*