Victor Frank, Successor Assignee to Union Bank of Chicago, Assignee of Estelle Daniels, Also Known as Estella Daniels, for Use of Millie Frank, Appellee, v. Central Mutual Insurance Company, Appellant.

Gen. No. 36,515.

446

Opinion filed February 7, 1934. Rehearing denied February 26, 1934.

WILLIAM LEVINE, for appellant.

FRANKEL & BLOOM, for appellee; BARNIE E. FRANKEL, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendant from a judgment for the sum of $1,074.96 entered on the finding of the court on a trial without a jury in an action of as-

sumpsit on an automobile insurance policy insuring Estelle Daniels against loss occasioned by the negligent operation of an automobile.

The original plaintiff in the suit was the Union Bank of Chicago, assignee of Estelle Daniels, for use of Millie Frank, and the declaration consists of one count, which sets up the policy and alleges that the assured, Estelle Daniels, through her servant and agent, ran into Millie Frank by reason of the negligent operation of an automobile; Millie Frank instituted suit in the superior court of Cook county, case number 516664, for personal injuries sustained thereby; that following the accident due and immediate notice was given to the defendant insurance company, and that Estelle Daniels fully complied with the terms of the policy; that the defendant defended in behalf of the said Estelle Daniels; that the said Millie Frank recovered a judgment on April 18, 1931, for $1,000; that an execution was issued, which was returned, "No part satisfied"; that on May 19, 1931, a *capias ad satisfaciendum* was issued and on May 22, 1931, was served upon Estelle Daniels, who filed a petition in the county court of Cook county, claiming the benefits of the provisions of the Insolvent Debtors' Act, Cahill's St. 1931, ch. 72, ¶ 4 *et seq.;* that on June 6, 1931, the plaintiff, Union Bank of Chicago, was appointed assignee of said Estelle Daniels, pursuant to the provisions of the Insolvent Debtors' Act; that it accepted the appointment, filed its bond and qualified as assignee, and that plaintiff was subrogated to all rights of Estelle Daniels under the policy, and notwithstanding the performance on the part of Estelle Daniels of all things by her to be performed, defendant refused to pay the judgment. An affidavit of claim was attached to this declaration.

The defendant filed a demurrer, which was overruled, and it was ruled to plead. Thereupon defend-

ant filed a plea of the general issue and notice of special defenses.

The defendant as a special defense denied the assignment of the policy to the plaintiff, and filed an affidavit of merits.

On November 15, 1932, on motion of the attorney for the plaintiff, and it appearing to the court that the Union Bank of Chicago, the plaintiff's assignee, was in the hands of a receiver and incapable of proceeding in this cause as assignee, by order of the county court of Cook county, Victor Frank was appointed successor assignee to said Union Bank of Chicago and qualified as such, and the praecipe and summons and all documents and pleadings filed in the cause here on appeal were amended to read, "Victor Frank, successor assignee to Union Bank of Chicago, assignee of Estelle Daniels, for the use of Millie Frank."

No testimony was offered other than the documentary evidence of the plaintiff, which consisted of the papers filed in the cause of *Millie Frank v. Estelle Daniels,* in the superior court of Cook county, case number 516664, namely, the summons and praecipe, appearance, declaration, plea, verdict for $1,000, notice, and affidavit to place cause on the trial calendar, given and refused instructions, cost bill and execution, objections to the motion to set cause for trial, debtor's schedule, affidavit for garnishment that Central Mutual Insurance Company is indebted to or has effects of the defendant, Estelle Daniels, in its hands; interrogatories to garnishee defendant; writ of garnishment; answer of garnishee defendant; amended answer of garnishee defendant; traverse of answer, and the policy of insurance. This being all the evidence offered by the parties, the court, at the conclusion of the hearing, found for the plaintiff and entered the judgment appealed from.

The defendant as to its first point contends that the evidence is not sufficient to support the finding for the

plaintiff, and suggests that there was no evidence of the assignment of the policy of insurance to the Union Bank of Chicago, the original plaintiff, and none as to any assignment to Victor Frank, who was substituted as successor assignee to the plaintiff.

There is in evidence the answer of the defendant as garnishee, which was sworn to by an officer of the defendant, and which states, in substance, that the proceedings were had in the county court of Cook county, Illinois, in which Estelle Daniels filed a petition for her release under the provisions of the Insolvent Debtors' Act, from the custody of the sheriff of Cook county by virtue of a *capias ad satisfaciendum;* that she filed a schedule of her assets and liabilities, which schedule included the insurance policy in the present proceedings, and that she was then ordered discharged by the county court of Cook county, as provided by law, and thereupon the Union Bank of Chicago, a corporation, was appointed assignee of Estelle Daniels, and qualified as such; that the policy of insurance was delivered to said assignee; and it further appears from the answer of the defendant that title to the policy in question is admitted to be in the assignee. This admission by the defendant is sufficient, and is all the more conclusive when the defendant in the instant case in its answer in the garnishment proceedings stated that all rights of Estelle Daniels under said policy belonged to the named assignee, and not to Estelle Daniels. It is to be noted that the defendant in its brief does not question the admissibility of the answer, but does question its sufficiency. It is the general rule that the admissions in a pleading by a litigant are proper when they tend to establish material facts, and what better proof could be offered than the answer made by the defendant in the garnishment proceedings as to facts material to the issues in the instant case? The trial court did not err in the admission of the sworn answer of the defendant in the gar-

nishment proceedings, and, as contended by the defendant, did not violate the rule that such sworn answer was not evidence of a court record; that the best evidence of the county court record is a certified copy of the proceedings. The evidence produced and admitted, however, was the original answer of the defendant.

The defendant also contends that the declaration alleged that immediate notice of the accident was given to the defendant and that the insured complied with all the provisions of the policy. There being a plea of the general issue and the affidavit of merits, which denied the allegation of performance, it was necessary for the plaintiff to prove the allegation as made in the declaration. The defendant's plea was supported by an affidavit of merits, as required by Cahill's St. (1929) ch. 110, sec. 55 of the Practice Act. This provision is, in part, as follows: ". . . the defendant . . . shall file with his plea an affidavit stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demands, and specifying the nature of such defense. . . ." The provision has been held to mean that the purpose of requiring the affidavit of merits to set out the nature of the defense relied on, was to give the plaintiff notice of the real defense to be presented and to limit the issues to be tried to the defense set up in the affidavit; all defenses the nature of which are not set up in the affidavit are considered waived and are unavailable on the trial. The purpose of the defendant in refusing payment of the policy is set forth in the affidavit of merits, which is, in substance, as follows: That the defendant did not defend the suit in the superior court of Cook county, case number 516664, entitled *Millie Frank v. Estelle Daniels*, under the said policy, but, on the contrary expressly stated to the said Estelle Daniels that there was no liability

on the said policy, and that it would not defend the suit because of the fact that at the time of the alleged injury to the said Millie Frank the said automobile was not being driven either by the said assured or by any other member of her family, or any of her duly authorized employees; that the said. Estelle Daniels admitted the said fact to be true, but requested the defendant to engage a lawyer for her, and that the defendant agreed so to do upon consideration that said Estelle Daniels release the defendant from all liability, or alleged liability, on the policy, and that the said Estelle Daniels then and there agreed so to do, and that only in pursuance of said agreement did the defendant engage counsel to defend said action against said Estelle Daniels, and that in truth and in fact the said insurance policy was thereby canceled.

This being the issue in this action, and applying the rule above stated, the plaintiff met the defense set forth in the defendant's affidavit of merits.

The action in the superior court filed by *Millie Frank v. Estelle Daniels,* the assured, was for injuries sustained by reason of the negligent operation of an automobile by Estelle Daniels, through her agent or servant. In the defense of this action, the defendant, Estelle Daniels, filed a plea of the general issue and a special plea denying ownership, or operation or control of the automobile by the assured through any agent or servant at the time and place of the accident. The issues were found against the assured, and accordingly judgment was entered against her for the amount of $1,000, and it is further to be noted that the attorney for the defendant appeared for Estelle Daniels, the assured, in defense of the suit filed by Millie Frank.

The defendant did not abstract the provisions of the policy of insurance, the subject of this litigation, except that a policy was issued by the Central Mutual

Insurance Company, A8369, "which is described in the declaration filed herein." This was not in compliance with the rule adopted and announced in the case of *Grabill v. Ren*, 110 Ill. App. 587. A party who brings a cause to the Appellate Court must furnish a complete abstract or abridgment of the record, and must show everything in the abstract upon which error is assigned. The abstract is a pleading of the parties in a court of review and whatever is sought to be reviewed must be contained therein, *McGovern v. City of Chicago*, 202 Ill. App. 139. Where the provisions of the policy of insurance are not abstracted, this court will not examine the record to ascertain what provisions are contained in the policy, nor compare this document with the plaintiff's declaration in order to determine whether the provisions requiring performance are contained in the declaration; and the court will not search the record for grounds to reverse for nonperformance.

The last contention of the defendant to be considered by this court is that the amended declaration stated no cause of action and the motion in arrest of judgment by the defendant should have been sustained.

The defendant admits that while an affidavit was attached to the declaration filed by the Union Bank of Chicago, as assignee, the failure of Victor Frank, successor assignee, as plaintiff, to file an affidavit as to how and when he acquired title to the insurance policy is fatal to his right to recover, and cites in support of this contention the case of *Allis-Chalmers Mfg. Co. v. City of Chicago*, 297 Ill. 444, in which the Supreme Court said:

"A declaration in a suit by an assignee of a chose in action does not state a cause of action in favor of the plaintiff unless it contains the allegations required by section 18, showing the assignment of the chose in

action, the actual ownership thereof by him and setting forth how and when he acquired title. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action.''

It appears that the plaintiff as successor to the Union Bank of Chicago, assignee of Estelle Daniels, was substituted by an order of the trial court, which was not objected to by any of the parties to the litigation and by the order succeeded to the rights of the assignee. Under the facts and circumstances as they appear in this case, was it necessary for Victor Frank, as successor assignee, to attach an affidavit, as required by sec. 18 of ch. 110 of the Practice Act?

As we have already stated, it does not appear that the defendant voiced any objection to the entry of the order that the name of the plaintiff as successor assignee in this cause be substituted and the praecipe and summons, and all documents and pleadings be amended so as to read, ''Victor Frank, successor assignee to Union Bank of Chicago, assignee of Estelle Daniels, for the use,'' etc.

Was the legal effect of the order such as to make it necessary for the plaintiff, successor assignee, substituted for the original plaintiff, to file an amended declaration and affidavit as required by the statute? The Supreme Court in the case of *Dickson v. Chicago, B. & Q. R. Co.*, 81 Ill. 215, upon an analogous question, held that the amendment was authorized by the statute to enable the plaintiff to sustain the action for which it was intended to be brought. No new cause of action was added, nor was there any occasion for refiling the declaration, or any further plea. The effect of what was done was to dismiss an improper party from the case—nothing more. The object of the suit is to recover the amount due under the policy from the defendant and to apply the amount in pay-

ment of the judgment, and any defense that might be interposed against the plaintiff, Union Bank of Chicago, assignee, may also be interposed against the substituted plaintiff, Victor Frank, as successor assignee of the Union Bank of Chicago. It would have been error to deny the order for substitution. *Chandler v. Frost*, 88 Ill. 559. See also *National Benefit Ass'n v. Jackson*, 114 Ill. 533; *Oberman v. Camden Fire Ins. Ass'n*, 314 Ill. 264.

The record sustains the judgment, and the court did not err in denying the defendant's motion in arrest of judgment.

This court, having considered the questions raised by this appeal, will not consider the plaintiff's motion to dismiss the defendant's appeal upon the grounds suggested.

The judgment in the case before us is affirmed.

*Judgment affirmed.*

HALL, P. J., and WILSON, J., concur.